RYDER, Judge.
This is an appeal from a dismissal of an action for failure to prosecute. Appellant contends the dismissal was improper because she was not afforded prior notice or hearing. We agree and reverse.
On January 10, 1973 appellant and her husband filed a complaint against appellee for damages arising out of an automobile accident. The case eventually went to trial and the jury returned a verdict in favor of appellant on May 3, 1976. The appellant, on May 7,1976, filed a motion for new trial alleging the damages awarded were grossly inadequate. This motion was denied on June 30, 1976. Months later, on November 2, 1977, without prior notice or hearing thereon, the trial court dismissed the case with prejudice.
Fla.R.Civ.P. 1.420(e) requires notice and a hearing before a case can be dismissed for failure to prosecute. Since the trial court afforded appellant neither notice nor hearing, its order dismissing the case was improper and must be reversed. See Franklin Acceptance Corp. v. Superior Electrical Industries, Inc., 167 So.2d 116 (Fla.3d DCA 1964).
REVERSED and REMANDED for further proceedings not inconsistent with this opinion.
BOARDMAN, C. J., and DANAHY, J., concur.