367 So.2d 716 (1979)
AMERICAN SALVAGE AND JOBBING COMPANY, INC., a Florida Corporation, Appellant,
v.
Jacque SALOMON, Formerly D/B/a Sun Village Motel, and Sadie Salomon, Appellees.
Nos. 78-473, 78-1586.
District Court of Appeal of Florida, Third District.
February 20, 1979.
*717 Klein, Oshinsky & Solomon and Michael B. Solomon, Hallandale, for appellant.
Saks & Salomon and Warren M. Salomon, Miami, for appellees.
Before BARKDULL, HUBBART and SCHWARTZ, JJ.
SCHWARTZ, Judge.
On December 22, 1977, the trial judge granted the defendants' motion, filed on November 1, 1977, to dismiss the cause for lack of prosecution. The case was dismissed despite the fact that the plaintiff had filed and served interrogatories and had filed and noticed a hearing on a motion to compel answers to those interrogatories notwithstanding defendants' objections, all within one year prior to the filing of the motion to dismiss.[1] The plaintiff appeals and we reverse.
We have examined the "record activity" represented by the interrogatories and the plaintiff's attempts to compel answers to them and find that the activity was constructively related to a good faith prosecution of the plaintiff's case. That activity therefore could not properly have been stricken or disregarded in the consideration of the contention that the action had not been diligently prosecuted. See Eastern Elevator, Inc. v. Page, 263 So.2d 218 (Fla. 1972); Bay Colony Office Building Joint Venture v. Wachovia Mortgage Co., 342 So.2d 1005 (Fla. 4th DCA 1977); Citizens and Southern Realty Investors v. Lastition, 332 So.2d 357 (Fla. 4th DCA 1976); Slatko v. Virgin, 328 So.2d 499 (Fla. 3d DCA 1976). Because this is the case, the trial court lacked authority to dismiss the case for lack of prosecution under the provisions of F.R.Civ.P. 1.420(e) as amended by the addition of the underscored language, effective January 1, 1977:
"(e) Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing, at least five days before the hearing on the motion, why the action should remain pending. Mere inaction for a period of less than one year shall not be sufficient cause for dismissal for failure to prosecute."

The committee note to the amendment states:
"Subdivision (e) has been amended to prevent the dismissal of an action for inactivity alone unless one year has elapsed since the occurrence of activity of record. Non-record activity will not toll the one year time period."
It is obvious that the effect of the amendment is to preclude a trial court from exercising its supposed inherent, discretionary power to dismiss a case for failure to prosecute, when, as in this case, there is activity of record within one year prior to the dismissal. The amendment thus overrules such cases as Reddish v. Forlines, 207 So.2d 703, 705-706 (Fla. 1st DCA 1968). See Hahn v. First National Bank of Delray Beach, 345 So.2d 345, 346 (Fla. 4th DCA 1977). In accordance with the clear terms of the rule, the final order of dismissal is reversed and the cause remanded for further *718 proceedings consistent with this opinion.
Reversed and remanded.
NOTES
[1] The proceedings below followed our reversal of a judgment on the pleadings for the defendants in American Salvage and Jobbing Co., Inc. v. Salomon, 295 So.2d 710 (Fla. 3d DCA 1974).