387 So.2d 517 (1980)
Ronald Lehman BAIR, Appellant,
v.
PALM BEACH NEWSPAPERS, INC., Etc., et al., Appellees.
No. 79-849.
District Court of Appeal of Florida, Fourth District.
September 3, 1980.
Eugene M. Underberg, Lake Worth, for appellant.
Richard W. Glenn of Albury, Webb, Park & Glenn, West Palm Beach, for appellees.
HERSEY, Judge.
Plaintiff appeals from an order dismissing his complaint with prejudice for failure to prosecute. We point out preliminarily that such a dismissal, under Rule 1.420(e), Florida Rules of Civil Procedure, is to be without prejudice. Spolter Electrical Supplies, Inc. v. Kalb, 275 So.2d 594 (Fla. 4th DCA 1973).
The record discloses the following record activity. The complaint was filed on December 13, 1976. Defendant filed a motion to dismiss for failure to state a cause of action on December 22, 1976. On January 4, 1978 a notice of dismissal was entered by the Clerk of the Circuit Court. The case was then dismissed for lack of prosecution. However, by court order of February 14, 1978, that dismissal was set aside. The parties filed a stipulation on June 28, 1978 *518 to permit the filing of an amended complaint. Defendants' motion to dismiss for lack of prosecution was then filed on January 12, 1979. The order granting that motion is the basis of this appeal and contains the following language:
This matter was heard upon the defendants Palm Beach Newspapers, Inc.'s motion to dismiss for failure to prosecute. The one bit of record activity within one year prior to the pending motion to dismiss for failure to prosecute was the June 25, 1978 stipulation permitting an amended complaint. The court is of the view that that stipulation is not the sort of active measure necessary to hasten the suit to judgment. Even if that ruling be in error, the court is of the view that under the authority of Shalabey vs. Memorial Hospital, 253 So.2d 712 (Fla. 4th DCA 1971), the exercise of sound discretion requires the dismissal because of the totality of circumstances concerning the plaintiff's failure to prosecute the case.
First, the inherent power of a trial court to dismiss an action for failure to prosecute, as referred to in Shalabey, supra, has been abrogated by the following amendment to Rule 1.420(e), Florida Rules of Civil Procedure: "Mere inaction for a period of less than one year shall not be sufficient cause for dismissal for failure to prosecute." As stated by the court in American Salvage and Jobbing Company, Inc. v. Salomon, 367 So.2d 716, 717 (Fla. 3d DCA 1979); "It is obvious that the effect of the amendment is to preclude a trial court from exercising its supposed inherent, discretionary power to dismiss a case for failure to prosecute, when, as in this case, there is activity of record within one year prior to the dismissal."
Nevertheless, Rule 1.420(e), as interpreted by Gulf Appliance Distributors, Inc. v. Long, 53 So.2d 706, 707 (Fla. 1951), and its progeny, requires "some active measure ... intended and calculated to hasten the suit to judgment" to preclude dismissal for failure to prosecute. In fact, it is an abuse of discretion for a trial court to deny a motion to dismiss for lack of prosecution under Rule 1.420(e) where there has been no affirmative activity for a period of one year preceding the filing of the motion to dismiss. Industrial Trucks of Florida, Inc. v. Gonzalez, 351 So.2d 744 (Fla. 3d DCA 1977). Therefore, to avoid a dismissal under Rule 1.420(e), activity of record must be an affirmative act directed toward disposition of the case. Harris v. Winn-Dixie Stores, Inc., 378 So.2d 90 (Fla. 1st DCA 1979).
In the instant case, during the one year prior to the filing of the motion to dismiss, the trial court entered an order vacating the original dismissal and the parties filed a stipulation to permit filing of an amended complaint. The order, if not the stipulation, is activity of record as contemplated by Rule 1.420 and the cases interpreting it. Accordingly, the order of dismissal is reversed and the case remanded.
REVERSED and REMANDED.
DOWNEY and HURLEY, JJ., concur.