PER CURIAM.
The trial court dismissed Florida East Coast Railway Company’s (hereinafter FEC) action for lack of prosecution. We reverse.
The record discloses that on June 25, 1976, FEC filed supplemental interrogatories directed to the City of Delray Beach and that on July 2, 1976, the City filed its answers to the interrogatories. On June 27, 1977, Southern Sanitation Service, Inc., moved to dismiss the cause for lack of prosecution and on July 12, 1977, FEC responded to said motion, noticed two depositions and filed an at-issue notice of trial. The trial court granted the motion to dismiss on July 28, 1977.
Following the denial of its motion for reconsideration, FEC on September 23, 1977, filed a notice of appeal of the July 28, 1977 trial court order of dismissal. We dismissed that appeal as untimely.[1] Florida East Coast Railway Company v. Southern Sanitation Service, Inc., 370 So.2d 1200 (Fla. 4th DCA 1979). Thereafter the trial court entered a final judgment of dismissal without prejudice on September 5, 1979 which dismissed the proceeding as to all claims and all parties. FEC brought this appeal from that final judgment.
Initially we hold that we have jurisdiction to consider the present appeal from the final judgment. See Fla.R.App.P. 9.130(g). We further conclude that the trial court erred in dismissing the cause for failure to prosecute because there was record activity within one year preceding the motion to dismiss. Bair v. Paim Beach Newspapers, Inc., 387 So.2d 517 (Fla. 4th DCA 1980); Eastern Elevator, Inc. v. Page, 263 So.2d 218 (Fla.1972); American Salvage and Jobbing Company, Inc. v. Salomon, 367 So.2d 716 (Fla.3d DCA 1979). As we pointed out in Bair, supra, Florida Rule of Civil Procedure 1.420(e) now provides in part: “Mere inaction for a period of less than one year shall not be sufficient cause for dismissal for failure to prosecute.”
Accordingly, we reverse and remand with directions to reinstate the cause on the docket for further proceedings toward a trial on the merits.
REVERSED and REMANDED WITH DIRECTIONS.
DOWNEY and GLICKSTEIN, JJ., and FUTCH, M. DANIEL, Jr., Associate Judge, concur.

. We held that at that time the order was non-final and appealable as an interlocutory appeal pursuant to Florida Rule of Appellate Procedure 4.2(a) (1962). Therefore, the motion for reconsideration, treated as a motion for rehearing, did not toll the time for filing the notice of appeal. As a result the notice, filed 57 days after the trial court’s order of July 28, 1977, was not timely. Florida East Coast Railway Company v. Southern Sanitation Service, Inc., 370 So.2d 1200 (Fla. 4th DCA 1979).