398 So.2d 949 (1981)
FLORIDA EAST COAST RAILWAY COMPANY, Appellant,
v.
Jack A. RUSSELL and Carmen Vallarta Russell, His Wife, Appellees.
No. 79-870.
District Court of Appeal of Florida, Fourth District.
May 13, 1981.
Rehearing Denied June 16, 1981.
*950 Kenneth L. Ryskamp of Goodwin, Ryskamp, Welcher & Carrier, P.A., Miami, and Jones & Foster, P.A., Vero Beach, for appellant.
Edna L. Caruso, and Montgomery, Lytal, Reiter, Denney & Searcy, P.A., West Palm Beach, for appellees.
MOORE, Judge.
In this negligence action the appellant, Florida East Coast Railway, appeals a final judgment, entered upon a jury verdict, awarding damages to the appellees, Jack Russell and his wife. Although the appellant raises several points on appeal, only one of them merits discussion. The others were either waived by failure to object at the trial level or they are without merit.
The appellant contends that this action should have been dismissed for failure to prosecute pursuant to Fla.R.Civ.P. 1.420(e). We disagree and affirm.
Russell was seriously injured in December, 1973, when the truck he was driving was struck by one of appellant's trains at a private crossing on the property of his employer. His original complaint was voluntarily dismissed when his attorney, Al Frier, became ill at trial. The action was reinstituted in June, 1977 against the railway and its employee who operated the train. Although the names of attorneys C.R. McDonald and Al Frier appeared on the complaint, it was signed only by Frier, and McDonald disclaimed knowledge that his name was on the complaint. McDonald represented Russell on the latter's workmen's compensation claim and apparently referred the negligence suit to Frier. McDonald contended that Russell discharged him on September 7, 1977 from further representation. The appellant's answer to the complaint was served on McDonald and Frier on July 5, 1977.
No further action toward prosecuting the case ensued, and on August 11, 1978, the clerk of the trial court notified appellant's counsel and Frier by letter that the cause would be dismissed on September 12th unless good cause was shown prior to that date. The notice did not contain a hearing date, nor did it make reference to Rule 1.420(e). It is undisputed that no record activity had occurred between July 5, 1977 and August 11, 1978. During this period, Frier was experiencing difficulties coping with his duties as a lawyer and he failed to prosecute Russell's claim. These problems were not made known to Russell who was assured repeatedly by Frier and his wifesecretary that his claim was being prosecuted diligently.
When the clerk's letter of August 11th was discovered by Frier's wife, she notified *951 McDonald of the circumstances. He immediately filed a motion to set the cause for jury trial and the court, on September 21, 1978, set the cause for trial. Nonetheless, on September 26, 1978, the appellant filed a motion to dismiss the action for failure to prosecute, alleging no record activity for more than one year after the filing of appellant's answer. The trial court denied the motion to dismiss on the ground that Frier's mental problems, which were unknown to Russell, constituted good cause for failing to prosecute. The case subsequently went to trial with new counsel representing the Russells.
In view of our holding, it is not necessary to determine whether Frier's mental problems constituted good cause for allowing the action to remain pending. We believe that the informal clerk's notice sent to the parties on August 11, 1978 was a nullity because it failed to comply with Fla.R.Civ.P. 1.420(e), which states:
(e) Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing, at least five days before the hearing on the motion, why the action should remain pending. Mere inaction for a period of less than one year shall not be sufficient cause for dismissal for failure to prosecute. (emphasis supplied).
Although it is true that either an interested party, or the trial court on its own motion, may move to dismiss an action under the rule, it is equally clear that the rule contemplates notice and a hearing prior to a determination by the trial court. Harris v. Filmon, 358 So.2d 905 (Fla. 2nd DCA 1978); Fields v. Fields, 291 So.2d 663 (Fla. 1st DCA 1974). The clerk's notice did not set a hearing date in its letter of August 11th or at anytime thereafter, nor did it advise the appellee of the five day requirement. Even assuming the clerk's notice to be a court motion, where the trial court fails to conduct a hearing on its own "motion" to dismiss, and no timely order is entered in accordance with the motion, the trial court has effectively abandoned its motion. Thus, even though there was a lack of record activity during the more than one year period between the filing of appellant's answer on July 5, 1977, and the filing of Russell's motion to set the cause for trial on September 12, 1978, there was insufficient action taken to dismiss the cause. The informal clerk's notice was not a self executing motion and it was necessary to conduct a hearing on the issue of "good cause" before an order of dismissal could be entered properly. Shalabey v. Memorial Hospital of South Broward Hospital District, 253 So.2d 712 (Fla. 4th DCA 1971).
The filing of appellant's own motion to dismiss on September 26, 1978 could not result in a proper order of dismissal either, since at that point in time there was record activity by Russell only 14 days earlier (i.e., the motion to set the case for jury trial), and record activity by the trial court on September 21, 1978 (i.e., the order setting the case for trial). We find such record activity to be sufficient to prevent dismissal under Rule 1.420(e). The one year period prescribed by Rule 1.420(e) is to be measured by calculating the time between the date of the last record activity and the date of the filing of the motion to dismiss. Ace Delivery Service, Inc. v. Pickett, 274 So.2d 15 (Fla. 2nd DCA 1973); Shalabey, supra. Thus, because there was record activity within the year prior to the filing of the appellant's motion to dismiss, the trial court correctly denied the motion. Industrial Trucks of Florida v. Gonzalez, 351 So.2d 744 (Fla. 3rd DCA 1977).
The final judgment is affirmed.