417 So.2d 304 (1982)
Manuel J. RIVERA, Appellant,
v.
A. M. I. F., Inc., Appellee.
No. 81-1675.
District Court of Appeal of Florida, Third District.
July 27, 1982.
Grover, Ciment, Weinstein & Stauber and Stephen L. Malove, Miami Beach, for appellant.
Harvey D. Rogers, Miami, for appellee.
Before HUBBART, C.J. and SCHWARTZ and NESBITT, JJ.
NESBITT, Judge.
On September 29, 1978, the plaintiff commenced an action against three co-defendants, two of which were promptly served. Service of process was not accomplished on one defendant, A.M.I.F., Inc., until June 5, 1981. On July 9, 1981, A.M.I.F., Inc. moved to dismiss for want of prosecution because of the two-and-one-half-year delay between filing of the complaint and service of process. The motion was granted, apparently in reliance upon Gonzalez v. Ryder Systems, Inc., 327 So.2d 826 (Fla. 3d DCA 1976). We need only observe that our holding in Gonzalez v. Ryder, supra, has been abrogated by amendment to Florida Rule of Civil Procedure 1.420(e), effective January 1, 1977, precluding the trial court from exercising its inherent power to dismiss a cause for failure to prosecute where there is activity of record within one year prior to the order of dismissal. See American Salvage and Jobbing Company v. Salomon, 367 So.2d 716 (Fla. 3d DCA 1979). In the present case, of course, the service of process upon A.M.I.F. constituted record activity. Since a year had not elapsed without activity, under the *305 plain terms of the amended rule, the order of dismissal was error.[1]
Reversed and remanded.
NOTES
[1] Even if the court had properly exercised its inherent power, we would be compelled to reverse for the trial court's failure to find in the order that the plaintiff was willfully delaying prosecution. Greenwell v. Cuiffo, 415 So.2d 901 (Fla. 3d DCA) (1982).