432 So.2d 769 (1983)
Paul NEKTAREDES, Appellant,
v.
Nick SAGONIAS and Androniki Tsaras, Jointly and Severally, Appellees.
No. 82-2419.
District Court of Appeal of Florida, Second District.
June 10, 1983.
J. Chesney Carson, Dunedin, for appellant.
Harold S. Wilson, Clearwater, for appellees.
HOBSON, Judge.
Paul Nektaredes, plaintiff below, appeals an order in favor of Nick Sagonias and Androniki Tsaras, defendants below, dismissing with prejudice his cause of action for failure to prosecute in violation of Florida Rule of Civil Procedure 1.420(e). We reverse and remand.
Appellant filed an initial complaint on February 15, 1978, against appellees, alleging breach of contract. During the next three-year period, various types of activity of record occurred. Then, on June 12, 1981, appellant filed a fifth amended complaint. Appellees filed a motion on June 22, 1981, to strike the fifth amended complaint. On July 24, 1981, they filed a notice of hearing *770 on their motion to strike and with respect to a motion for summary judgment. Appellant filed a request on July 27, 1981, that the August 6, 1981, hearing date be reset since his attorney would not be available on that date. On July 30, 1981, appellees, pursuant to appellant's request, filed an amended notice of hearing. On September 25, 1981, three days before the rescheduled hearing date, the assigned judge recused himself from the case upon his own motion. He directed that the clerk reassign the case to another judge. The clerk reassigned the case on September 30, 1981. No further activity took place until June 23, 1982, when appellees, citing Rule 1.420(e), filed their motion to dismiss for failure to prosecute.
Appellant argues that Rule 1.420(e) precludes a court from exercising its discretionary power to dismiss a case where activity of record transpires within one year prior to the filing of a motion to dismiss. He also maintains that sufficient activity of record occurred in this case within the requisite time period. We agree with both contentions.
Rule 1.420(e) provides in pertinent part that "[m]ere inaction for a period of less than one year shall not be sufficient cause for dismissal for failure to prosecute." It follows from this language that a court does not have the authority to dismiss an action for failure to prosecute where activity of record occurs within the one-year time period. Bair v. Palm Beach Newspapers, Inc., 387 So.2d 517 (Fla. 4th DCA 1980); American Salvage & Jobbing Co., Inc. v. Salomon, 367 So.2d 716 (Fla. 3d DCA 1979). Activity of record of any party may be sufficient to toll the one-year time period. See, e.g., Eastern Elevator, Inc. v. Page, 263 So.2d 218 (Fla. 1972); Johnson v. Mortgage Investors of Washington, 410 So.2d 541 (Fla. 2d DCA 1982); Cypress Corporation of Florida v. Smith, 218 So.2d 481 (Fla. 2d DCA 1969); Harris v. Winn-Dixie Stores, Inc., 378 So.2d 90 (Fla. 1st DCA 1979). Of course, such activity of record must constitute an affirmative act (or acts) directed toward disposition of the case. See Gulf Appliances Distributors, Inc. v. Long, 53 So.2d 706 (Fla. 1951); Bair; Harris. Here, both parties took part in activity of record during July 1981 which, in our view, constituted affirmative acts directed toward disposition of the case.[1]
In closing, we point out that a dismissal under Rule 1.420(e) is to be without prejudice. See McDaniel v. Onkey, 422 So.2d 70 (Fla. 2d DCA 1982); Bair.
Accordingly, we reverse and remand for further proceedings not inconsistent with this opinion.
REVERSED and REMANDED.
OTT, C.J., and RYDER, J., concur.
NOTES
[1] We note that an "order of court" within the one-year time period which is intended to hasten the suit to judgment is also sufficient activity of record to toll the one-year time period. See Florida Rule of Civil Procedure 1.420(e); Bair. We believe that the initial judge's recusal order and the clerk's document reassigning the case, both issued in September 1981, constituted such orders of court.