442 So.2d 273 (1983)
Audrey Oliver PARKER, Appellant,
v.
William K. GORDON, Martin F. Avery, Jr., O. Edgar Williams, Jr., Robert C. Scott and Berryhill, Avery, Williams & Scott, P.A., Appellees.
No. 82-1577.
District Court of Appeal of Florida, Fourth District.
November 23, 1983.
Rehearing Denied January 17, 1984.
*274 Oliver Addison Parker, Fort Lauderdale, for appellant.
Joseph S. Kashi of Conrad, Scherer & James, Fort Lauderdale, for appellees.
PER CURIAM.
This cause is per curiam affirmed.
We are cognizant of the fact that the trial court erred in dismissing this suit on the ground that there had been a full year of inactivity. In the first place, Rule 1.090(a), Florida Rules of Civil Procedure, clearly states, "In computing any period of time prescribed or allowed by these rules *275 ... the day of the act ... from which the designated period of time begins to run shall not be included." This rule applies in calculating time for purposes of Rule 1.420(e), and the appellate decisions reveal that record activity even on the 365th day of the succeeding year will suffice to defeat a motion to dismiss for failure to prosecute. See, e.g., Johnson v. Mortgage Investors of Washington, 410 So.2d 541 (Fla. 2d DCA 1982). In the instant case the original complaint was filed on January 12, 1981, and the amended complaint, on January 12, 1982. The latter was the last day of the year, and filing of the amended complaint constitutes record activity. Mueller v. North Broward Hospital District, 403 So.2d 581 (Fla. 4th DCA 1981). Furthermore, according to Florida East Coast Railway v. Russell, 398 So.2d 949 (Fla. 4th DCA 1981), "The one year period prescribed by Rule 1.420(e) is to be measured by calculating the time between the date of the last record activity and the date of the filing of the motion to dismiss." Id. at 951. Accord Rivera v. A.M.I.F., Inc., 417 So.2d 304 (Fla. 3d DCA 1982). Since in the instant case only twenty-two days elapsed between the filing of appellant's amended complaint and appellees' motion for dismissal, it is clear the court was in error.
However, "[e]ven when based on erroneous reasoning, a conclusion or decision of a trial court will generally be affirmed if the evidence or an alternative theory supports it." Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla. 1980). We have applied this "right for the wrong reason" test, as restated in International Insurance Co. v. Ballon, 403 So.2d 1071, 1076 (Fla. 4th DCA 1981), in the case at bar and conclude no cause of action was stated in the filed complaint.
Appellant's amended complaint is most explicit as to the facts it alleges but exceedingly obscure as to the causes of action it purports to state. Count I pertains to the appellee law firm's legal representation of appellant in connection with a real property transaction. Appellant is a real estate broker who owned land jointly with four other persons. All five co-owners contracted to sell the property, but terminated the agreement because the contract purchasers were unable to obtain the necessary financing and the co-owners would not accept an additional person the purchasers sought to bring in in order to obtain the necessary financing. One of the law firm's associates, William K. Gordon, was retained by all five co-owners to defend against the contract purchasers' suit for specific performance and/or damages in excess of $1 million. Gordon recommended a settlement but when all of the co-owners, except the appellant, agreed to settle, Gordon withdrew from representing the latter but continued the representation of the other four. Gordon allegedly coerced appellant into giving up and agreeing with the other four to settle. If Count I intends to charge ethical misconduct for doing so, it is before the wrong forum. If on the other hand it refers to legal malpractice  in which case the complaint is defective because negligence is not alleged  then on the face of the pleading the two year limitation period of Section 95.11(4)(a), Florida Statutes (1981), applies and the statute has run.
Finally, if Count I was intended to allege a breach of fiduciary duty, it would be necessary to state with particularity the facts which purportedly created the duty that was breached, so that the court could determine as a matter of law whether there was such a duty. See 61A Am.Jur.2d Pleading § 18. As presented, the complaint merely makes the conclusory statement that a fiduciary duty was violated. This is not sufficient.
Count II alleges that Gordon was instrumental in persuading the co-owners to force the appellant to agree to the listing of the aforementioned parcel with a different broker after appellant's exclusive listing had expired. Thereafter, appellant succeeded in getting Gordon disqualified from representing the other four owners because he had previously represented her. However, as already noted the entire law *276 suit was settled. It is again impossible to decipher what cause of action this count presents. If it is Gordon's ethical violation or legal malpractice, the same defects of forum and limitation period, respectively, apply as to Count I. The claim cannot be predicated on lack of merit of the action instituted against appellant, because she settled. It also cannot constitute interference with a business relationship, since professional counsel, being under a duty to advise his clients, is not liable for interference. See 45 Am.Jur.2d Interference §§ 33 and 34 (1969); Restatement (Second) of Torts §§ 770, 772 (1979). Nor can Count II refer to breach of a fiduciary duty, because the attorney-client relationship with appellant had ceased. All that can be said for this count is that it constitutes stream of consciousness.
Count III overlaps Count I in so far as it seeks refund of fees paid by appellant while appellant was still Gordon's client. If those fees were paid for services rendered prior to the alleged breach, as it appears, there can be no basis for refund. Likewise, the appellant had no interest in fees paid by the four other co-owners to their attorney out of their own resources. If, under whatever theory, appellant is entitled to damages, such would be based on injury or loss sustained at Gordon's hands rather than as a result of legal fees paid by parties who had later become adverse to her way of thinking.
In Count IV appellant seeks an injunction prohibiting Gordon's law firm from any future violation of its fiduciary obligations to her, and particularly against communicating with or representing appellant's co-owners. It seems clear that whatever duty the law firm may have owed appellant, it ended when the attorney-client relationship terminated, except that where there was a prior joint representation, the law firm ought not, ethically, to represent the co-owners contrary to appellant's interest and possibly use confidences acquired while they also served appellant. This ethical obligation would be applied ad hoc, if requested, should litigation again arise between appellant and her co-owners. No cause of action known to us could invoke a permanent ban on the appellant communicating with the co-owners or representing them with the exception that the law firm could not represent the co-owners against appellant. Moreover, at the very threshold, there are no ultimate facts alleged showing irreparable harm, a clear legal right, or an inadequate legal remedy, Walsh v. French, 409 So.2d 1131 (Fla. 4th DCA 1982).
In sum, while dismissal based on failure to prosecute was inappropriate, dismissal for failure to state a cause of action appears entirely proper.
We find no merit in the remaining point on appeal.
AFFIRMED.
DOWNEY, LETTS and HERSEY, JJ., concur.