487 So.2d 87 (1986)
GLASSALUM ENGINEERING CORPORATION, Appellant,
v.
392208 ONTARIO LTD., a Foreign Corporation Authorized to Do Business in the State of Florida, Appellee.
No. 85-2423.
District Court of Appeal of Florida, Third District.
April 22, 1986.
Albert I. Caskill, Key Largo, for appellant.
Shea & Gould and Jay D. Schwartz, Miami, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
Although almost two years elapsed between the filing of the complaint and service of it upon the appellees, the service of the complaint nonetheless preceded the filing of the appellee's motion to dismiss for failure to prosecute and, of course, the dismissal. Because we have so clearly held that service of process upon a defendant before the filing of a motion to dismiss for failure to prosecute constitutes sufficient record activity to preclude dismissal, Rivera v. A.M.I.F., Inc., 417 So.2d 304 (Fla. 3d DCA 1982); see also Fields v. Florida Farm Bureau Casualty Insurance Co., 449 So.2d 972 (Fla. 5th DCA 1984), and because, with the advent of the 1977 amendment to Florida Rule of Civil Procedure 1.420(e), a trial court no longer has "inherent power to dismiss a cause for failure to prosecute where there is activity of record within one year prior to the order of dismissal," Rivera v. A.M.I.F., Inc., 417 So.2d 304, 304; see Lanahan v. Lentini, 457 So.2d 589 (Fla. 3d DCA 1984); American Salvage and Jobbing Company, Inc. v. Salomon, 367 So.2d 716 (Fla. 3d DCA 1979), we unhesitatingly reverse the order *88 of dismissal entered below and remand the cause for further proceedings.[1]
We believe a few more words are in order. We are distressed that neither appellant's counsel nor appellee's counsel favored us or the trial court with citation to any of the cases referred to in our opinion, which are completely dispositive of the issue presented. Worse, the appellee's counsel informs us in his brief that
"[i]n a strikingly similar case, this court affirmed the trial court dismissal of a complaint where the Plaintiff, as in the case at bar, failed to deliver the process for service upon a defendant for 14 months after filing the Complaint. Gonzalez v. Ryder Systems, Inc., 327 So.2d 826 (Fla. 3d DCA 1976)."
By shepardizing the Gonzalez case, one would have been alerted that its soundness or reasoning had been questioned in a later case; and by reading that later case, Rivera v. A.M.I.F., Inc., 417 So.2d 304, one would have discovered that Gonzalez is no longer the law:
"A.M.I.F., Inc. moved to dismiss for want of prosecution because of the two-and-one-half-year delay between filing of the complaint and service of process. The motion was granted, apparently in reliance upon Gonzalez v. Ryder Systems, Inc., 327 So.2d 826 (Fla. 3d DCA 1976). We need only observe that our holding in Gonzalez v. Ryder, supra, has been abrogated by amendment to Florida Rule of Civil Procedure 1.420(e), effective January 1, 1977, precluding the trial court from exercising its inherent power to dismiss a cause for failure to prosecute where there is activity of record within one year prior to the order of dismissal. See American Salvage and Jobbing Company v. Salomon, 367 So.2d 716 (Fla. 3d DCA 1979)."
417 So.2d 304, 304 (emphasis supplied).
If counsel did not observe Shepard's "questioned" signal (designated by a "q") and read Rivera, then they, at the least, performed inadequately: appellant's counsel (now the beneficiary of this court's own research) lost the opportunity to argue the controlling Rivera case; appellee's counsel, the opportunity to attempt to convince this court why we should not, as we do, find Rivera dispositive.[2] Without belaboring the point, we remind the bar that, as this case so dramatically shows, cases must be shepardized and that when shepardizing, counsel must mind the "p's" and "q's."[3]
Reversed and remanded.
NOTES
[1] Anomalously, despite the fact that the trial judge apparently dismissed the case based not on Rule 1.420(e), but upon her supposed inherent authority, the order reads in pertinent part that the motion is granted "pursuant to Rule 1.420(e), Fla.R.Civ.P., with prejudice for failure to serve summons over 21 months from date of issuance."
[2] If either counsel discovered but intentionally failed to disclose Rivera, the implications would be far more severe: appellant's counsel would be guilty of gross incompetence for failing to call our attention to an obviously controlling case; appellee's counsel would be in apparent violation of the Florida Bar Code of Professional Responsibility, D.R. 7-106(B)(1), which mandates that a lawyer disclose to a tribunal "[l]egal authority in the controlling jurisdiction known to him to be directly adverse to the position of his client and which is not disclosed by opposing counsel."
[3] A "p" in Shepard's denotes "parallel" and refers to cases "substantially alike or on all fours with cited case in its law or facts." A "q" denotes "questioned" and refers to cases which question the "[s]oundness of decision or reasoning in cited cases... ."