STONE, Judge.
This is an appeal from a judgment of dismissal for failure to prosecute, entered pursuant to Florida Rule of Civil Procedure 1.420(e).
The one-year period without record activity required for dismissal would have expired on June 1, 1985. However, on May 15, 1985, the trial court, sua sponte, issued an order to show cause, scheduling a hearing in June. On May 20, 1985, the plaintiff delivered to the court a notice certifying that the case was at issue and ready for trial on a non-jury calendar. The court clerk did not “clock in” and file this notice because a proposed court order, which was included as part of the notice, had not been signed by the judge. The notice did contain a certification of May 20th service. A separate document, entitled “Showing of Good Cause Why Action Should Not Be Dismissed” was filed on May 22nd. This document also contained a certificate of May 20th service and referred to the May 20,1985 notice. The court order was never signed and the notice was never officially filed.
We reject the appellees’ contention that the date of service determines the time of the last record activity. It is the date of filing that commences and concludes the running of the one-year period. See Collado v. C & C Cattle Co., 415 So.2d 901 (Fla. 3d DCA 1982); Florida East Coast Railway Co. v. Russell, 398 So.2d 949 (Fla. 4th DCA), rev. denied, 411 So.2d 381 (Fla.1981).
The delivery of the notice to the court, here, was an adequate filing. As such, there was record activity within one year.
We, therefore, reverse and remand for further proceedings.
DOWNEY and LETTS, JJ., concur.