HERSEY, Chief Judge.
We are requested to reverse the trial court’s dismissal of a personal injury claim. Dismissal was based upon failure to timely prosecute and failure to effect service of process upon an indispensable party. We reverse.
Dismissal on the first ground stated is governed by rule 1.420(e), Florida Rules of Civil Procedure. The operative motion to dismiss was filed on January 21,1986. The record discloses four instances of record activity during the one-year period directly preceding the filing of the motion. The question is whether one or more of those incidents constituted an affirmative act directed toward disposition of the case. See Bair v. Palm Beach Newspapers, Inc., 387 So.2d 517 (Fla. 4th DCA 1980). Here, as in Bair, at least two of the incidents are in that category, so dismissal for lack of prosecution was improper.
The next question is whether the action was nevertheless properly dismissed because an indispensable party had not been served. We need not extensively treat the propriety of joinder and service upon defendants’ insurance carrier. At the time the cause of action arose, section 627.-7262, Florida Statutes, prohibiting joinder of the insurance carrier, had not been enacted. This statute does not apply retroactively, therefore direct joinder of the insurance carrier is proper under these facts. See VanBibber v. Hartford Accident & *1067 Indemnity Insurance Co., 439 So.2d 880 (Fla.1983). See also Osborne v. Elizabeth Massey Investment Corporation, 467 So. 2d 1095 (Fla. 4th DCA 1985). Additionally, service was properly perfected pursuant to section 48.151(3), Florida Statutes (1985).
The record is not clear whether any of the individual defendants/insureds have been served with process. It is clear, however, that service has been attempted on more than one occasion. While failure to join an indispensable party is grounds for dismissal, the mere inability to timely serve such a party is not.
While the issues we treat here do not follow the lead of either of the parties’ appellate briefs, we think the correct posture of the case is as we have defined it. We reverse and remand for further proceedings.
REVERSED AND REMANDED.
GUNTHER, J., and RIVKIND, LEONARD, Associate Judge, concur.