LEVY, Judge.
Plaintiff below appeals the trial court’s dismissal with prejudice of his Second Amended Complaint and its order denying his pro se Motion to Vacate the Order of Dismissal, for Reconsideration of the said Order of Dismissal, for Leave to Proceed Pro Se, and his pro se Motion to Amend his Complaint.
On July 24, 1987, the trial court dismissed various counts of the plaintiff’s Second Amended Complaint, with the said Order permitting plaintiff time to amend some of the counts. On August 11, 1987, plaintiff’s counsel filed a Motion for Reconsideration of the July 24, 1987, Order, but did not set that Motion for hearing.
Thereafter, nothing transpired with regard to that case until July 26, 1988, when the trial court held a status conference with regard to the case. When neither the plaintiff/appellant nor his counsel attended the hearing, the trial court issued an Order dismissing the case with prejudice. The said Order of Dismissal cited three grounds for its entry, to-wit: “Plaintiff’s failúre to appear, failure to timely amend and failure to prosecute”. Clearly, the very terms of the court’s Order of Dismissal reflect that the dismissal was entered by the court as a sanction for the omissions of the plaintiff described in the order.
The record reflects that less than one year had passed from the date of the last record activity in the file to the date of the court’s dismissal. The law is clear that an action may not be dismissed for lack of prosecution when the period of inactivity is less than the one year provided for in Rule 1.420(e) of the Florida Rules of Civil Procedure. See Lanahan v. Lentini, 457 So.2d 589 (Fla. 3d DCA 1984); Rivera v. A.M.I.F., Inc., 417 So.2d 304 (Fla. 3d DCA 1982).
The facts of this case reflect that it was equally inappropriate for the trial court to dismiss this action for the failure to attend the July 26, 1988, hearing. See Garland v. Dixie Ins. Co., 495 So.2d 785 (Fla. 4th DCA 1986). The dismissal of plaintiff’s case for the failure to attend that hearing becomes even more problematic because of the fact that both plaintiff and his counsel indicate that they did not receive notice of that hearing. The record does not reflect that any further inquiry or hearing took place to determine the accuracy of those representations.
Finally, we find it was also inappropriate for the court to have dismissed the plaintiff’s case as a sanction for the plaintiff not amending his earlier filed Complaint. See Neu v. Turgel 480 So.2d 216 (Fla. 3d DCA 1985). It certainly would be appropriate for the court to enter a final Order of Dismissal or an Order of Dismissal With Prejudice if the plaintiff had advised the court that he was either not desirous of amending, or not able to amend, his *33 earlier filed Complaint. Under those circumstances, the entry of a Final Order of Dismissal would allow the plaintiff to seek appellate review concerning the legal propriety of the dismissal.
Accordingly, we reverse the Order of Dismissal entered on July 26, 1988, and remand for further proceedings consistent herewith.
Reversed and remanded.