PER CURIAM.
Florence Hickey appeals an order denying her motion for leave to file a second amended complaint and an order granting Pompano Knights of Columbus, Inc.’s (Pompano) motion to dismiss for failure to prosecute pursuant to Fla.R.Civ.P. 1.420(e). Hickey asserts that the trial court abused its discretion by dismissing the case because record activity transpired within one year prior to the filing of Pompano’s motion to dismiss. We agree with this contention and reverse and remand.
To avoid a dismissal under Rule 1.420(e), the record activity must be an affirmative act directed toward disposition of the ease. Bair v. Palm Beach Newspapers, 387 So.2d 517, 518 (Fla. 4th DCA 1980) (a court order vacating an earlier dismissal and the parties’ stipulation permitting the filing of an amended complaint were sufficient record activity to preclude a dismissal for failure to prosecute); Harris v. Winn-Dixie Stores, 378 So.2d 90, 94 (Fla. 1st DCA 1979) (a notice of taking deposition, even if cancelled, had a purpose of advancing the case toward trial).
On June 26, 1991, Hickey filed her motion for leave to file a second amended complaint together with a notice of hearing for July 17, 1991. Hickey sought to amend her complaint to sue Michael Taines individually, instead of Michael Taines, Inc. On January 22, 1992, Pompano filed its motion to dismiss for failure to prosecute.
Although Hickey’s motion for leave to amend was not heard because the hearing was cancelled after Hickey obtained new counsel, we conclude that filing the motion to amend and the notice of hearing was sufficient record activity. This record activity was an attempt to proceed against the proper party and, thus, had a purpose of advancing the case toward trial. Because this record activity did in fact occur within one year of the date of Pompano’s motion to dismiss for failure to prosecute, we reverse the trial court’s order granting Pompano’s motion to dismiss for failure to prosecute. On remand, the trial court should reconsider Hickey’s motion for leave to file a second amended complaint.
REVERSED AND REMANDED.
GUNTHER, FARMER and KLEIN, JJ., concur.