KLEIN, J.
The trial court dismissed this case for lack of prosecution pursuant to rule 1.420(e), finding that there had been no activity for a period of one year, and plaintiff appeals.
The pertinent dates began on March 5, 1997, when plaintiffs motion for summary judgment was argued. The court advised plaintiffs counsel to submit a proposed summary judgment that day, but it was not until eleven months later, on February 9, 1998 that plaintiff submitted the judgment. By this time the case was pending before a new judge, who advised plaintiffs counsel by letter that he was reluctant to sign a summary judgment based on a hearing that had occurred before a predecessor judge.
No further action occurred until June 8, 1998, when the successor judge issued an order to show cause why the action should not be dismissed for lack of prosecution.
Plaintiff, in order to show good cause, responded that he had submitted the documents for entry of summary judgment in February of 1998, which were during the one year period, and asserted that the case should not be dismissed. The trial court nevertheless dismissed.
Clearly the activity of plaintiffs counsel in submitting the summary judgment to the trial judge within the one year period was “record activity.” See Smith v. Broward County, 654 So.2d 1297 (Fla. 4th DCA 1995)(a letter to the trial judge requesting a trial date was sufficient record activity to avoid dismissal). We therefore reverse.
TAYLOR, J., and BLANC, PETER D., Associate Judge, concur.