PER CURIAM.
Technical Chemicals and Products, Inc. and Jack Aronowitz appeal from a final judgment dismissing their cause of action against Home Diagnostics, Inc. for failure to prosecute, pursuant to Florida Rule of Civil Procedure 1.420(e). We reverse.
On November 21,1996, Technical Chemicals and Products, Inc. and Jack Aronow-itz (Appellants) filed a cause of action for breach of a license agreement against Home Diagnostics, Inc. (HDI), On May 4, 2000, HDI filed a Motion to Dismiss for Lack of Prosecution and Renewed Motion for Summary Judgment. HDI argued that no record activity had occurred since January 5, 1999, and the cause of action should be dismissed pursuant to Florida Rule of Civil Procedure 1.420(e). In the same motion, HDI renewed a prior motion for summary judgment.
Appellants argue that HDI’s renewed motion for summary judgment, which was filed as part of the motion to dismiss for lack of prosecution, constitutes record activity within the one year period. We agree.
Florida Rule of Civil Procedure 1.420(e), provides:
Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year *1012 shall not be sufficient cause for dismissal for failure to prosecute.
“Record activity” is an “act reflected in the court file that was designed to move the case forward toward a conclusion on the merits or to hasten the suit to judgment.” Barnett Bank of East Polk County v. Fleming, 508 So.2d 718, 720 (Fla.1987). Activity of record of any party is sufficient to toll the one-year time period when it is an affirmative act directed toward the disposition of the cause. See Eastern Elevator, Inc. v. Page, 263 So.2d 218 (Fla.1972); Nektaredes v. Sagonias, 432 So.2d 769, 770 (Fla. 2d DCA 1983).
The filing of the motion for summary judgment constituted record activity because it is designed to move the case forward toward a conclusion on the merits. See State Farm Mut. Auto. Ins. Co. v. Chasteen, 737 So.2d 1253 (Fla. 4th DCA 1999). A trial court’s decision to grant a motion to dismiss for failure to prosecute is improper where a motion for summary judgment is pending at the time of dismissal. See Lukowsky v. Hauser & Metsch, P.A., 677 So.2d 1383, 1384 (Fla. 3d DCA 1996).
We find it was error for the trial court to dismiss the case for lack of prosecution under these circumstances. Accordingly, the final judgment dismissing the case is reversed and the case is remanded for further proceedings.
REVERSED.
SHAHOOD, HAZOURI, JJ, and MIHOK, A. THOMAS, Associate Judge, concur.