897 So.2d 190 (2004)
Edward P. KESZENHEIMER, Jr., Appellant
v.
Robert Clinton BOYD, Gail Swan Akin, Edwin Y. Hannan, William Carter Smallwood, III, James Randall Wallace, Jr., Boyd & Akin PLLC and Boyd, Akin, Hannan & Smallwood PLLC, Appellees.
No. 2002-CA-01680-COA.
Court of Appeals of Mississippi.
August 31, 2004.
Rehearing Denied November 23, 2004.
Certiorari Denied March 24, 2005.
*191 Edward P. Keszenheimer, Jr., appellant, pro se.
Steven Todd Jeffreys, Simine Bazyari Reed, R. Mark Hodges, John Benton Clark, Shanda L. Lewis, Jackson, attorneys for appellees.
Before KING, C.J., LEE, CHANDLER AND GRIFFIS, JJ.
CHANDLER, J., for the Court.
¶ 1. Edward P. Keszenheimer, Jr. filed suit against Robert Clinton Boyd, Gail Swan Akin, Edwin Y. Hannan, William Carter Smallwood, III, James Randall Wallace, Jr., Boyd & Akin PLLC and Boyd, Akin, Hannan & Smallwood PLLC alleging legal malpractice. The circuit court dismissed the case as to defendant Smallwood. The circuit court entered a summary judgment in favor of the remainder of the defendants. Keszenheimer appeals and asserts the following issues as error: (1) the trial court erred in granting defendant Smallwood's motion to dismiss, (2) the trial court erred in granting defendant Hannan's motion for summary judgment, (3) the trial court erred in granting the remaining defendants' motion for summary judgment, (4) the grant of summary judgment in favor of the defendants violated the constitutions of the United States and Mississippi. We find no error and affirm.

FACTS
¶ 2. In 1995, Edward P. Keszenheimer, Jr. claimed disability under a policy he purchased from USAA Life Insurance Company. USAA paid benefits to Keszenheimer based on his representations that he was totally disabled. After paying disability for almost three years, USAA initiated a declaratory judgment action in the United States District Court for the Southern District of Mississippi asserting that Keszenheimer was not medically disabled during the entire time payments were made to him.
¶ 3. In response, Keszenheimer contacted Edwin Y. Hannan, who had recently joined in the formation of the professional limited liability company of Boyd, Akin, Hannan & Smallwood. Keszenheimer and his wife met with Hannan and Robert *192 Boyd in the Jackson office of Boyd, Akin, Hannan & Smallwood PLLC. During this meeting Hannan revealed to Keszenheimer that he was a long-time friend of USAA's counsel, Ford Bailey. Based on this fact, it was determined that Boyd would handle Keszenheimer's defense.
¶ 4. Boyd defended Keszenheimer and, on his behalf, filed a counterclaim against USAA asserting bad faith handling of the disability claim.
¶ 5. The trial judge entered a summary judgment in favor of USAA on the bad faith claim. The case proceeded to trial on the issue of Keszenheimer's disability. The jury returned a verdict finding that Keszenheimer was 70 percent disabled from December 5, 1995 through December 31, 1998 and 20 percent disabled thereafter. The court ordered Keszenheimer to refund 30 percent of the benefits paid to him from 1995 through 1998. The court ruled that Keszenheimer was entitled to continue receiving benefits for an ongoing 20 percent loss of income. Keszenheimer appealed this decision.
¶ 6. During the interim period between the jury's verdict and the prosecution of the appeal, Boyd, Akin, Hannan & Smallwood PLLC dissolved. Boyd and Gail Akin formed the new firm of Boyd & Akin and continued representation of Keszenheimer.
¶ 7. The Fifth Circuit Court of Appeals affirmed the jury's verdict and the summary judgment granted in favor of USAA on the bad faith counterclaim. Keszenheimer, through new counsel, filed a motion for rehearing. The court of appeals denied the motion. Keszenheimer then filed a bar complaint against USAA's counsel and this action, pro se.
¶ 8. The circuit court dismissed the case as to defendant Smallwood and entered summary judgment in favor of the remainder of the defendants. Keszenheimer appeals.
¶ 9. Additional relevant facts are incorporated throughout the discussion of the issues.

ANALYSIS

I. WHETHER THE TRIAL COURT ERRED IN GRANTING DEFENDANT SMALLWOOD'S MOTION TO DISMISS.
¶ 10. A motion for dismissal under Mississippi Rule of Civil Procedure 12(b)(6) raises an issue of law. Tucker v. Hinds County, 558 So.2d 869, 872 (Miss.1990). When considering a motion to dismiss, the allegations of the complaint must be taken as true and the motion should not be granted unless it appears beyond reasonable doubt that the plaintiff will be unable to prove any set of facts in support of his claim. T.M. v. Noblitt, 650 So.2d 1340, 1342 (Miss.1995). In reviewing the grant of a motion to dismiss, this Court conducts a de novo review. Id.
¶ 11. Keszenheimer notes that Smallwood was a member and partner of Boyd, Akin, Hannan & Smallwood PLLC during the time of his representation. He asserts that the firm's use of the terms "we", "us", and "the firm" in correspondence with him established that he was receiving benefit and knowledge from the entire firm and its members. Therefore, Keszenheimer argues that the circuit court erred in dismissing his claim against Smallwood.
¶ 12. Mississippi Code Annotated Section 79-29-920(1) (Rev.2001) provides:
Each individual who renders professional services as an employee of a domestic or foreign professional limited liability company is liable for a negligent or wrongful act or omission in which he personally participates to the same extent as if he rendered the services as a sole practitioner. A member or an employee *193 of a domestic or foreign professional limited liability company is not liable, however, for the conduct of other members or employees of the limited liability company, except a person under his direct supervision and control....
Therefore, Smallwood cannot be held liable unless he either personally participated in a negligent or wrongful act or directly supervised someone who committed wrongful conduct. Id.
¶ 13. Keszenheimer's assertions that Smallwood was a member of the firm and that the firm used the terms "we," "us," and "the firm" in correspondence, even if accepted as true, do not meet either of these two requirements.
¶ 14. There is nothing in the record that suggests that Smallwood has had any contact whatsoever with Keszenheimer. Keszenheimer's bare allegations that the partners, including Smallwood, regularly consulted one another on the cases being handled by the firm are not supported by the record.
¶ 15. We find that the circuit court's dismissal of Smallwood did not constitute error. This issue is without merit.

II. WHETHER THE TRIAL COURT ERRED IN GRANTING DEFENDANT HANNAN'S MOTION FOR SUMMARY JUDGMENT.
¶ 16. Our appellate standard for reviewing the grant or denial of summary judgment is the same standard as that of the trial court under Rule 56(c) of the Mississippi Rules of Civil Procedure. Heigle v. Heigle, 771 So.2d 341, 345(¶ 8) (Miss.2000). This Court employs a de novo standard of review of a lower court's grant or denial of summary judgment. Mississippi Dep't of Wildlife, Fisheries & Parks v. Mississippi Wildlife Enforcement Officers' Ass'n, Inc., 740 So.2d 925, 930(¶ 11) (Miss.1999). The evidence is to be viewed in the light most favorable to the party against whom the motion has been made. Id.
¶ 17. Rule 56(c) authorizes summary judgment where there are no genuine issues of material fact. For the non-moving party to avoid summary judgment, the non-moving party must provide the court with facts sufficient to establish the essential elements of that party's claims or defenses. Grisham v. John Q. Long V.F.W. Post No. 4057 Inc., 519 So.2d 413, 415-16 (Miss.1988). If the moving party shows a complete failure of proof on an essential element of the claim or defense, then the moving party is entitled to a judgment as a matter of law. Galloway v. The Travelers Ins. Co., 515 So.2d 678, 683 (Miss.1987).
¶ 18. The plaintiff in a case against an employee of a limited liability company has the duty to show that the defendant either personally participated in a negligent or wrongful act or directly supervised someone who committed wrongful conduct. Miss.Code Ann. § 79-29-920(1) (Rev.2001). Therefore, in order to avoid summary judgment, the plaintiff must make a prima facie showing, at least creating a material fact issue, that the defendant was negligent or directly supervised someone who was negligent or wrongful. Based on the record, we find that Keszenheimer failed to make such a showing.
¶ 19. Keszenheimer simply offered that Hannan was a member of the law firm of Boyd, Akin, Hannan & Smallwood PLLC. Although Keszenheimer accuses Boyd, Akin, Hannan & Smallwood PLLC of legal malpractice, he does not allege with specificity any actions or inactions on Hannan's part that were negligent. Keszenheimer does not allege that Hannan directly supervised or controlled anyone who acted negligently. Keszenheimer does allege that Hannan was actively involved in his *194 representation, but does not assert how Hannan acted negligently.
¶ 20. Keszenheimer also concludes that Hannan breached his fiduciary duty. However, Keszenheimer fails to state the facts which he alleges created the fiduciary duty. In Wilbourn v. Stennett, Wilkinson & Ward, 687 So.2d 1205, 1216 (Miss.1996) the court held that:
If a complaint is intended to allege a breach of fiduciary duty, it would be necessary to state with particularity the facts which purportedly created the duty that was breached, so that the court could determine as a matter of law whether there was such a duty. Parker v. Gordon, 442 So.2d 273, 275 (Fla.App.1983); See also 61A Am.Jur.2d Pleading § 18. As presented, Wilbourn's complaint merely makes the conclusory statement that a fiduciary duty was violated. This is not sufficient.
Similarly, Keszenheimer merely makes the conclusory statement that a fiduciary duty was violated. This is insufficient to avoid summary judgment.
¶ 21. Keszenheimer complains that he was overcharged for his initial visit, in which he met with Boyd and Hannan. He bases this claim on a Boyd & Akin PLLC brochure which contained the phrase "free initial consultation." In making this claim, Keszenheimer overlooks the fact that his initial consultation was with members of Boyd, Akin, Hannan & Smallwood PLLC, not Boyd & Akin PLLC. Hannan was never associated with Boyd & Akin PLLC. Thus, this assignment of error is without merit.
¶ 22. For the above reasons, we find that Keszenheimer has failed to raise a genuine issue of material fact. Therefore, the circuit court properly granted summary judgment in favor of Hannan.

III. WHETHER THE TRIAL COURT ERRED IN GRANTING THE REMAINING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.
¶ 23. As discussed above, Rule 56(c) authorizes summary judgment where there are no genuine issues of material fact. If the moving party shows a complete failure of proof on an essential element of the claim or defense, then the moving party is entitled to a judgment as a matter of law. Galloway, 515 So.2d at 683.
¶ 24. In order to prevail on a claim of legal malpractice a plaintiff must prove by a preponderance of the evidence the following: (1) the existence of a lawyer-client relationship, (2) negligence on the part of the lawyer, (3) the negligence proximately caused the injury, and (4) the fact and extent of the injury. Lane v. Oustalet, 873 So.2d 92, 98-99(¶ 27) (Miss.2004). If the plaintiff claims a breach of the standard of conduct, as opposed to the standard of care, the elements of the cause of action are the same except, instead of proving negligence, the plaintiff must prove a violation of the attorney's fiduciary duty. Id. at 99.
¶ 25. Based on the record before us, we hold that Keszenheimer failed to establish negligence or a violation of fiduciary duty on the part of the defendants. Boyd, Akin, and Wallace established by affidavits that they breached no duty to Keszenheimer in the underlying case. The defendants affirmatively showed that they exercised the knowledge, skill, and ability ordinarily possessed and exercised by members of the legal profession. Keszenheimer failed to rebut this testimony.
¶ 26. Our supreme court has recently noted that "[c]learly established law provides that expert testimony is necessary to establish the breach of a duty of care in a claim of legal malpractice." Id. Here, Keszenheimer has offered no expert testimony *195 to establish his claim. Keszenheimer's mere allegations of negligence on the part of the defendants were insufficient to avoid summary judgment.
¶ 27. Keszenheimer also alleges that the defendants committed theft, avoided discovery, and destroyed "time sheets." However, these assertions are simply not supported by the record.
¶ 28. Keszenheimer has completely failed to prove that the defendants committed negligence or violated a fiduciary duty. Therefore, we hold that the circuit court properly granted summary judgment in favor of the defendants.

IV. WHETHER THE GRANT OF SUMMARY JUDGMENT FOR THE DEFENDANTS VIOLATED THE UNITED STATES AND MISSISSIPPI CONSTITUTIONS.
¶ 29. Keszenheimer argues that the court's grant of summary judgment violates the constitutional right to a trial by jury.
¶ 30. In Brown v. Credit Center, Inc., 444 So.2d 358, 362 (Miss.1983) our supreme court ruled:
[t]here is no violation of the right of trial by jury when judgment is entered summarily in cases where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. There is no right of trial by jury in such cases.
¶ 31. Keszenheimer failed to establish a genuine issue of material fact. As such, the trial court properly granted summary judgment in favor of the defendants. Therefore, we hold that Keszenheimer was not constitutionally entitled to a trial by jury. This issue is without merit.
¶ 32. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES, P.J., LEE, IRVING AND MYERS, JJ., CONCUR. GRIFFIS AND BARNES, JJ., NOT PARTICIPATING.