EMAS, J,
concurring in part and dissenting in part.
Appellant and Appellee are both pro se in this appeal (and in the proceedings below). The trial court originally entered final judgment in favor of Appellant/Plaintiff below. Upon motion filed by Appel-lee/Defendant, the trial court set aside that final judgment. Appellant then moved for rehearing of the trial court’s order setting aside the final judgment. The trial court denied the rehearing and, in that same order, dismissed Appellant’s complaint with prejudice.
I concur with the majority’s affirmance of the trial court’s order denying Appellant’s motion for rehearing. However, I must respectfully dissent from the majority’s affirmance of that portion of the order which dismissed Appellant’s claim with prejudice. The order fails to set forth any factual or legal basis for its dismissal with prejudice, and this Court has no way of determining whether the dismissal with prejudice is premised, for example, on Appellant’s non-compliance with a prior order; a failure to state a claim (or failure to amend to state a claim); an abuse of the judicial process; or some other basis that might support the trial court’s exercise of its discretion. Further, the order itself indicates that the hearing was set only for the purpose of addressing Appellant’s motion for rehearing. There is nothing in the record below[1] to suggest that Appellant *458 was placed on notice that the trial court would also consider dismissal of the complaint at this hearing, much less a dismissal with prejudice. Rudimentary notions of due process require that we reverse that portion of the order dismissing the action with prejudice, with directions to reinstate the action.
I therefore respectfully concur in part and dissent in part.

. There is no transcript of the hearing and, given Appellant's obligation to provide a proper and complete record, this would ordinarily be fatal to this appeal. However, in the instant case the pro se appellant was in prison and not present at the hearing (assuming that a hearing was actually held, rather than an order entered upon the papers). Whatever may have taken place at that hearing in Appellant’s absence, it is clear that Appellant was not placed on notice that dismissal with prejudice was one of the possible outcomes of the hearing. The trial court erred in sounding the death knell of the case without proper notice to Appellant and an opportunity to be heard on the issue. See Fla. R. Civ. P. 1.420(b); Edward L. Nezelek, Inc. v. Sunbeam Television Corp., 413 So.2d 51 (Fla. 3d DCA 1982); Alexis v. Fla. Ins. Guar. Ass'n, 61 So.3d 487 (Fla. 4th DCA 2011); Viets v. Am. Recruiters Enters. Inc., 922 So.2d 1090 (Fla. *458 4th DCA 2006); Harris v. Filmon, 358 So.2d 905 (Fla. 2d DCA 1978).