405 So.2d 298 (1981)
MURPHY WHITE DAIRY, INC., Appellants,
v.
J.F. SIMMONS and Esther Simmons, Appellees.
No. 80-1831.
District Court of Appeal of Florida, Fourth District.
November 4, 1981.
Arthur J. Morburger of Weinstein & Bavly, P.A., Miami, for appellants.
Harvie S. DuVal of Greenfield & DuVal, North Miami, for appellees.
PER CURIAM.
In 1977, Murphy White Dairy, Inc. brought a multi-count complaint containing assorted claims arising out of an alleged oral agreement made by the Simmonses to sell certain real property to the Dairy. In August 1978, a summary judgment was entered *299 in favor of the Simmonses on one count of the complaint which sought specific performance, and the Dairy appealed. On October 24, 1979, we dismissed the Dairy's appeal on the authority of Mendez v. West Flagler Family Association, Inc., 303 So.2d 1 (Fla. 1974).[1] The next day, October 25, 1979, our order of dismissal was filed in the trial court.
Some eight months later, in July 1980, the Simmonses, asserting that no record activity had occurred for a period of one year, moved to dismiss the Dairy's action for lack of prosecution under Florida Rule of Civil Procedure 1.420(e).[2] The trial court dismissed the cause, and the Dairy seeks review of that order.[3] We reverse.
We reject the Simmonses' contention that the filing in the trial court of our order dismissing the Dairy's appeal, clearly record activity, see Ortiz v. Biscayne Medical Center, Inc., 385 So.2d 1146 (Fla. 3d DCA 1980), is not, as required, see Bair v. Palm Beach Newspapers, Inc., 387 So.2d 517 (Fla. 4th DCA 1980), record activity directed towards disposition of the case and is thus insufficient to preclude dismissal. The Dairy's act of appealing the summary judgment entered against it on the count seeking specific performance was not merely a passive act on its part which had no tendency to move the case to its conclusion. Simply because the Dairy's appeal, viewed retrospectively, did not succeed in accomplishing that end does not mean that it was not genuinely calculated to bring the suit to finality.[4]See, e.g., Ortiz v. Biscayne Medical Center, Inc., supra (filing in trial court of appellate court order denying plaintiff's petition for common law certiorari is record activity precluding dismissal). Indeed, even where record activity calculated to advance the cause is negated by a later act or omission which tends to delay the cause, the initial record activity is still considered sufficient to preclude dismissal under the Rule. See, e.g., Harris v. Winn-Dixie Stores, Inc., 378 So.2d 90 (Fla. 1st DCA 1979) (record activity shown by defendant's filing of notice of taking deposition of co-defendant is not vitiated by later cancellation of deposition); Eastern Elevator, Inc. v. Page, 263 So.2d 218 (Fla. 1972) (record activity shown by filing of written interrogatories to plaintiff is not vitiated by plaintiff's failure to answer).[5]
*300 The Dairy also challenges the propriety of the trial court's entry of summary judgment on the specific performance count. Of course, were the Dairy's appeal taken solely from the summary judgment, we would be without jurisdiction to entertain it, Agriesti v. Clevetrust Realty Investors, 381 So.2d 753 (Fla. 4th DCA 1980), and would dismiss it even as we did in 1979. But here our jurisdiction has been properly invoked, because the Dairy's appeal is from an order dismissing for lack of prosecution. See n. 3, supra. Since we have jurisdiction to entertain an appeal from that order, we "may review any ruling or matter occurring prior to filing of the notice," here, the summary judgment. Fla.R.App.P. 9.110(h) (emphasis supplied). Thus, while we are authorized by Rule 9.110(h) to reach this secondary issue, we are not required to do so.
The design of Rule 9.110(h) was to enable appellate courts to consider more than the order appealed so as to bring the matter to an end then and there. For example, while formerly we could not decide a party's entitlement to a directed verdict where the opposing party appealed from the grant of a new trial, we now can decide the potentially dispositive directed verdict issue. See Bowen v. Willard, 340 So.2d 110 (Fla. 1976). In the present case, however, no matter what we decide about the propriety of the summary judgment on the specific performance count, the case must be returned for trial, and appeal will or will not follow thereafter depending not on our decision, but on the outcome of the trial of the interrelated claims. The issue which we are urged to review may very well be mooted or controlled by further developments in the case, the very reasons why an interrelated claim is not reviewable in the first instance. See Mendez v. West Flagler Family Association, Inc., supra. We do not consider it an appropriate use of judicial time for us to address this further issue.[6]
REVERSED AND REMANDED for further proceedings.
DOWNEY and GLICKSTEIN, JJ., and PEARSON, DANIEL S., Associate Judge, concur.
NOTES
[1] Mendez held that where one of several joined causes of action is dismissed, only a dismissed cause of action which is separate and distinct is appealable. The corollary is that an order dismissing less than all of interrelated claims involving the same transaction and same parties is not appealable. S.L.T. Warehouse Company v. Webb, 304 So.2d 97 (Fla. 1974).
[2] Florida Rule of Civil Procedure 1.420(e) provides, in pertinent part:

"Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion or on the motion of any interested person, ..."
[3] A dismissal for lack of prosecution is a final order for purposes of appeal, but not final  that is, without prejudice  so as to be res judicata. Bair v. Palm Beach Newspapers, Inc., 387 So.2d 517 (Fla. 4th DCA 1980); Gibbs v. Trudeau, 283 So.2d 889 (Fla. 1st DCA 1973). Moreover, the order appealed from, although titled "Order Granting Motion to Dismiss, etc.," actually dismisses the cause so as to give the order requisite finality for appeal purposes. Compare, e.g., Shupack v. Allstate Insurance Company, 356 So.2d 1298 (Fla. 3d DCA 1978).
[4] It certainly cannot be said that an unsuccessful appeal by a party faced with the Mendez finality-nonfinality dilemma is frivolous and designed to delay rather than move the case towards prosecution. As Mendez notes, had we concluded that the specific performance claim was distinct and separate so as to permit the Dairy's appeal, and reversed the summary judgment, a trial on all claims could be had together. It is better to be safe than sorry under Mendez, and an unsuccessful appeal under Mendez cannot be condemned as dilatory or not a good faith effort to bring the case to a conclusion.
[5] It appears that the one type of record activity that is not facially sufficient is the withdrawal of counsel. The progenitor of this line of cases is Gulf Appliance Distributors, Inc. v. Long, 53 So.2d 706 (Fla. 1951), which held that a court order approving a stipulation for withdrawal of defendant's counsel was not "`action' in the prosecution of a cause within the meaning of § 45.19, Fla. Stat. (1949)," the predecessor to Florida Rule of Civil Procedure 1.420. While that case involved change of defense counsel, it was followed in cases involving withdrawal of plaintiff's counsel, see, e.g., St. Anne Airways Corp. v. Larotonda, 308 So.2d 129 (Fla. 3d DCA 1975); Florida Power & Light Company v. Gilman, 280 So.2d 15 (Fla. 3d DCA 1973), an action that might very well be calculated to move the case along. It is clear, however, that despite Gulf Appliances' insistence on "some active measure taken by plaintiff," record activity solely by a defendant is sufficient to preclude dismissal. See Musselman Steel Fabricators, Inc. v. Radziwon, 263 So.2d 221 (Fla. 1972) (filing by court reporter of depositions taken by defendant).
[6] Had we affirmed the dismissal for failure to prosecute, then the summary judgment on the specific performance count would become ripe for review, since a ruling thereon could be dispositive.