580 So.2d 880 (1991)
Luis F. Rodriguez KOHLY, Appellant,
v.
Mark WALLACH and Mark Wallach, Ltd., a New York Corporation, Jointly and Severally, Appellees.
No. 90-2863.
District Court of Appeal of Florida, Third District.
June 4, 1991.
Luis F. Rodriguez Kohly, in pro. per.
Richard L. Katz, Coral Gables and Jeffrey R. Sonn, Miami, for appellees.
Before SCHWARTZ, C.J., and NESBITT and LEVY, JJ.
LEVY, Judge.
The appellant, who was the plaintiff below, filed his action in the trial court in 1987. Subsequently, a period of one year elapsed without occurrence of any record activity. As a result thereof, and pursuant to the filing of a motion by the appellee, who was the defendant below, the trial court dismissed the cause pursuant to the provisions of Rule 1.420(e). In doing so, the trial court made a finding that the appellant's "Affidavit of Good Cause", which was filed in opposition to the appellee's Motion to Dismiss, did not set forth a *881 sufficient basis to allow the cause to remain pending.
For the purposes of this appeal, the appellant does not quarrel with the foregoing actions of the trial court. The appellant does argue, however, that the trial court was in error in dismissing the case with prejudice. We agree with appellant's position.
Dismissal of a cause of action under the provisions of Rule 1.420(e) is not an adjudication on the merits thereof. Such a dismissal, based solely upon the absence of record activity, cannot be entered with prejudice. See Hassenteufel v. Howard Johnson, Inc. of Fla., 52 So.2d 810 (Fla. 1951); Pettijohn v. Dade County, 446 So.2d 1143 (Fla. 3d DCA 1984); Murphy White Dairy, Inc. v. Simmons, 405 So.2d 298 (Fla. 4th DCA 1981).
Accordingly, this cause must be remanded with directions to the trial court to modify its order of dismissal so as to delete the portion thereof that makes the dismissal one "with prejudice".
The order of dismissal must also be modified so as to delete the portion thereof that purports to retain jurisdiction to award attorneys' fees, since, in view of the foregoing, that portion of the order was also improvidently entered.
Reversed and remanded with directions.