599 So.2d 999 (1992)
John P. O'MALLEY, and James A. Nesbitt, Appellants,
v.
ST. THOMAS UNIVERSITY, INC., and The Reverend Patrick H. O'Neill, Appellees.
No. 91-1813.
District Court of Appeal of Florida, Third District.
April 14, 1992.
Rehearing Denied June 16, 1992.
Bailey Hunt Jones & Busto, and Jesse C. Jones, Miami, for appellants.
Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, and Joel S. Perwin, Miami, for appellee, St. Thomas University, Inc.
Stephens, Lynn, Klein & McNicholas, and Gary Khutorsky, and Robert M. Klein, Miami, for appellee, The Reverend Patrick H. O'Neill.
Before BASKIN, GERSTEN and GODERICH, JJ.
GERSTEN, Judge.
Appellants, John P. O'Malley and James A. Nesbitt, appeal a final judgment entered *1000 on motions to dismiss and motions for judgment on the pleadings. We affirm.
Appellants were formerly employed by appellee, St. Thomas University. When their employment was terminated by appellee, Patrick O'Neill, the president of St. Thomas University, appellants brought a federal action based on alleged violations of 18 U.S.C.A. §§ 1961-1968, the Racketeer Influenced and Corrupt Organizations Act (federal RICO). Appellants contend that they were terminated because they refused to participate in alleged federal RICO violations.
The federal district court dismissed their federal action, concluding that appellants lacked standing to assert a federal RICO claim. The Eleventh Circuit Court of Appeals affirmed the lack of standing:
[T]he plaintiff only has standing if, and can duly recover to the extent that, he has been injured in his business or property by the conduct constituting the violation ... In other words, the compensable injury necessarily is the harm caused by predicate acts sufficiently related to constitute a pattern . .. Any recoverable damages occurring by reason of a violation of § 1962(c) will flow from the commission of the predicate acts.
O'Malley v. O'Neill, 887 F.2d 1557 (11th Cir.1989), cert. denied, 496 U.S. 926, 110 S.Ct. 2620, 110 L.Ed.2d 641 (1990) (quoting Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985)).
Appellants then sued in state court based on the Florida Racketeer Influenced and Corrupt Organizations Act, Chapter 895, Florida Statutes (1991), (Florida RICO). Appellants also sued on a theory of misrepresentation and slander. The trial court entered judgment against appellants on all counts. We address the dismissal of the Florida RICO counts, finding no merit in appellants' other contentions.
We reject appellants' contention that "indirect injury" is sufficient to confer standing under the Florida RICO Act. Since Florida RICO is patterned after federal RICO, Florida courts have looked to the federal courts for guidance in interpreting and applying the act. Therefore, federal decisions should be accorded great weight. Wilson v. State, 596 So.2d 775 (Fla. 1st DCA 1992); Boyd v. State, 578 So.2d 718 (Fla. 3d DCA), review denied, 581 So.2d 1310 (1991); State v. Nishi, 521 So.2d 252 (Fla. 3d DCA), review denied, 531 So.2d 1355 (Fla. 1988).
Although we recognize that federal decisions are not binding on this court, see Boyd v. State, 578 So.2d at 724, we nevertheless adopt the Eleventh Circuit's reasoning in O'Malley v. O'Neill, 887 F.2d at 1561:
It may well be true that the commission of the predicate acts constituted the "but for" cause of the firings. However, that tenuous a relation between the harm and the predicate acts is not sufficient to confer standing ... RICO does not provide a remedy for every injury that may be traced to a predicate act.
We hold, therefore, that indirect injuries, that is, injuries sustained not as a direct result of predicate acts under the Florida Racketeer Influenced and Corrupt Organizations Act, Chapter 895, Florida Statutes (1991), will not allow recovery under Florida RICO. Accordingly, we affirm.