KLEIN, Judge.
A final judgment of dissolution of marriage was entered in this case in November 1993, ordering a sale of the marital home and providing for payment of the parties’ attorneys’ fees out of the proceeds. Appellant Smith-Adam had represented the husband earlier in the proceedings, but had withdrawn before entry of the final judgment. She had obtained a prior judgment requiring the husband to pay her attorney’s fees.
Some nineteen months after the dissolution judgment wife’s counsel, who was designated to disburse the funds from the sale of the marital home, moved the court to clarify the judgment of dissolution regarding which attorney’s fees were to be paid from the proceeds. Smith-Adam was not served with a copy of the motion for clarification, but was sent a copy of the notice of hearing, which she did not attend.
At the hearing on the motion for clarification a different judge interpreted the judgment to eliminate any lien Smith-Adam might have had on the marital home if there were insufficient funds available to pay counsel. Smith-Adam appeals and we reverse.
Once a judgment becomes final, it can only be modified by a proper independent action or by an authorized motion under Florida Rule of Civil Procedure 1.540.[1] Donaldson Engineering, Inc. v. City of Plantation, 326 So.2d 209 (Fla. 4th DCA 1976). This motion for clarification filed nineteen months after entry of the judgment is not authorized by our rules. Moreover, Smith-Adam was not served with the motion, and one judge interpreted another judge’s judgment without hearing evidence. We therefore reverse the order clarifying the final judgment.
GLICKSTEIN and PARIENTE, JJ., concur.

. Declaratory relief is also available where a final judgment is unclear or ambiguous. deMar-igny v. deMarigny, 43 So.2d 442 (Fla. 1949) and Koscot Interplanetary, Inc. v. State ex rel. Conner, 230 So.2d 24 (Fla. 4th DCA 1970).