714 So.2d 603 (1998)
Lee Roy SMITH, Appellant,
v.
Pierre M. ST. VIL, Transportation Casualty Insurance, and Earlston Roberts, Appellees.
Nos. 97-2230, 97-3376.
District Court of Appeal of Florida, Fourth District.
July 15, 1998.
*604 Lee Roy Smith, Wewahitchka, appellant, pro se.
Sanford G. Jacobs, Ft. Lauderdale, for appellee Transportation Casualty Insurance.
KLEIN, Judge.
We consolidate these two appeals and affirm on all issues except the one involving the trial court having dismissed a complaint with prejudice when the dismissal should have been without prejudice.
Appellant filed this action for personal injuries resulting from an automobile accident and joined the defendant's insurer as a party. The insurer moved to dismiss under our non-joinder of insurers statute, section 627.4136, Florida Statutes (1992), and the trial court granted the motion. Although dismissal was proper, counsel for the insurer mistakenly furnished the trial court with an order granting dismissal with prejudice. We reverse the order insofar as it dismisses with prejudice, because the dismissal should have been without prejudice. Hett v. Madison Mut. Ins. Co., Inc., 621 So.2d 764 (Fla. 2d DCA 1993).
The specific error we are called upon to correct in this case is one which occurs regularly. These errors result, we suspect, just as the one did in this case, because the order was improperly drafted by counsel, who may have thought the words "with prejudice" were necessary to make the order final. There is confusion in this area, probably because the appealability of an order in general depends on the language contained in the order.
In regard to orders of dismissal, however, the words "with prejudice" normally connote that there has been an adjudication on the merits. 33 Fla. Jur.2d Judgments and Decrees § 182 (1994), and cases cited therein. Dismissals are generally without prejudice where the case is not being disposed of on the merits. Masser v. London Operating Co., 106 Fla. 474, 145 So. 72 (1932). See also Black's Law Dictionary 1776 (4th Ed. Rev.1968), which defines "with prejudice" as follows:
The term, as applied to judgment of dismissal is as conclusive of rights of parties as if action had been prosecuted to final adjudication adverse to the plaintiff.
Our dismissal rule, Florida Rule of Civil Procedure 1.420(b), specifically provides that dismissals for lack of jurisdiction, improper venue, and lack of indispensable party, are not on the merits. We must look to the case law, however, to confirm that dismissals for failure to prosecute under rule 1.420(e) are not on the merits. Kohly v. Wallach, 580 So.2d 880 (Fla. 3d DCA 1991). Nor are dismissals for failure to serve a defendant within 120 days under rule 1.070(j) on the merits. Bankers Ins. Co. v. Thomas, 684 So.2d 246 (Fla. 2d DCA 1996).[1]
*605 Although the above described dismissals are not on the merits, and should not contain the words, "with prejudice," they are nevertheless final orders for purposes of appeal. See, e.g., Murphy White Dairy, Inc. v. Simmons, 405 So.2d 298, 299 n. 3 (Fla. 4th DCA 1981)(dismissal for lack of prosecution).
There are, of course, other types of involuntary dismissals which are on the merits. An involuntary dismissal at the close of plaintiff's case in a nonjury action is an adjudication on the merits. Rule 1.420(b). An order finally dismissing a complaint for failure to state a cause of action is an adjudication on the merits. Hardee v. Gordon Thompson Chevrolet, Inc., 154 So.2d 174 (Fla. 1st DCA 1963). Also, a dismissal of an action or claim for failure to comply with the "rules or any order of court" is an adjudication on the merits unless the dismissal otherwise specifies. Rule 1.420(b).
Because failing to appeal an order which is appealable can sometimes be fatal, it is important to view orders of dismissal from the perspective of what they do, not according to whether they state that they are with or without prejudice. Relying on the wording can create a trap for the unwary. See, e.g., Carnival Corp. v. Sargeant, 690 So.2d 660 (Fla. 3d DCA), rev. denied, 697 So.2d 1218 (Fla.1997)(holding that an order dismissing a complaint for failure to state a cause of action without prejudice, but which did not grant leave to amend, was the final order which should have been appealed).
To summarize, dismissals for lack of jurisdiction, improper venue, lack of an indispensable party, improper joinder of an insurer, failure to prosecute, and failure to serve a defendant within 120 days, are not on the merits and should not contain the words "with prejudice." When these problematic words are used incorrectly, they not only result in unnecessary appeals, but also cause confusion as to whether a subsequent suit is barred by the doctrine of res judicata. See, e.g., North Shore Realty Corp. v. Gallaher, 99 So.2d 255 (Fla. 3d DCA 1957)(it is not the inclusion of the words "with prejudice" which determines whether a dismissal is res judicata, but rather whether the order actually was an adjudication on the merits.)
We have considered the other issues raised by the appellant and find them to be without merit. We therefore reverse solely for the dismissal to be redesignated as being without prejudice.
WARNER and TAYLOR, JJ., concur.
NOTES
[1] The last sentence of rule 1.420(b) may also be a source of confusion in this area, because it indicates that dismissals not provided for in the rule are on the merits unless the court in its order otherwise specifies. At least three types of dismissals are not provided for in the rule, yet they do not operate as an adjudication on the merits, i.e., dismissals of insurers for improper joinder, dismissals for failure to prosecute under rule 1.420(e), and dismissals for failure to serve a defendant within 120 days.