SHARP, W., J.
Joseph Elegele, the plaintiff in a legal malpractice action, appeals an order which dismissed his lawsuit for lack of prosecution. Elegele contends he never received notice of the hearing on the motion to dismiss and there was sufficient activity to *1273 preclude dismissal. Because the record does not refute Elegele’s claim regarding notice, we would ordinarily remand for a new hearing. However, the record also establishes good cause to have precluded dismissal and so we reverse the order below outright.
The record establishes that Elegele hired attorney Stanley Halbert to represent him in a lawsuit against various defendants, including the Department of Health and Rehabilitative Services. Ele-gele filed the lawsuit after he was arrested on drug charges and the Department took custody of his children.
After the lawsuit was dismissed, Elegele filed this legal malpractice action against Halbert. Elegele alleged Halbert’s failure to timely file an amended complaint and other omissions resulted in the dismissal of the lawsuit.
As part of his defense, Halbert moved for the Department to produce all records regarding its investigation of Elegele. After Halbert’s motion was granted, Elegele moved to recuse the trial judge (Judge James Hauser) and filed a notice seeking to appeal the discovery order. We treated Elegele’s appeal as a petition for certiorari review and denied relief on August 9, 2002.[1]
Less than a year later (July 28, 2003), Halbert served Elegele with a motion to dismiss the malpractice action for failure to prosecute. Halbert alleged the last record activity was the supplemental index for Elegele’s appeal filed on July 24, 2002, more than one year ago, and so the case should be dismissed.
Elegele filed a response to Halbert’s motion to dismiss claiming he had only recently received the motion and was concerned that Halbert may have already set a hearing without contacting him. Elegele also asserted two grounds to deny the motion to dismiss — the appeal in this court and his pending motion to recuse Judge Hauser.
About two weeks later, the trial judge (Judge Renee Roche) granted Hal-bert’s motion to dismiss. The clerk was ordered to close the case and remove it from the active case list.[2]
Florida Rule of Civil Procedure 1.420(e) allows the trial court to dismiss a lawsuit for failure to prosecute;
All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.
The intent of rule 1.420(e) is to make litigants, particularly plaintiffs, more vigilant about hastening suits to their just conclusion. National Enterprises, Inc. v. Foodtech Hialeah, Inc., 777 So.2d 1191 *1274 (Fla. 3d DCA 2001). Under this rule, the defendant must first show there has been no record activity for the year preceding the motion.[3] If there has been no record activity, the plaintiff then has an opportunity to establish good cause why the action should not be dismissed. Id.
As our sister courts have observed, rule 1.420(e) clearly contemplates notice and a hearing prior to a determination by the trial judge. Florida East Coast Ry. Co. v. Russell, 398 So.2d 949 (Fla. 4th DCA), rev. denied, 411 So.2d 381 (Fla.1981); Fields v. Fields, 291 So.2d 663 (Fla. 1st DCA 1974). Elegele claims Hal-bert never notified him of the hearing and there is nothing in the record to show that Elegele was in fact served with notice of the hearing. In such circumstances, the courts generally remand for a new hearing on the motion to dismiss. See Fallschase Development Corp. v. Sheard, 655 So.2d 214 (Fla. 1st DCA 1995)(plaintiff was entitled to a new hearing on motion to dismiss for lack of prosecution where original hearing was rescheduled to an earlier date, plaintiff claimed it did not receive timely notice of this change and there was nothing in the record which refuted this claim).[4]
Here, however, Elegele stated grounds in his response sufficient to have precluded dismissal. Elegele alleged he filed a motion to recuse Judge Hauser and this motion was still pending. In Fuster-Escalona v. Wisotsky, 781 So.2d 1063 (Fla.2000), the Florida Supreme Court held the trial judge must immediately rule on a motion to recuse, even though the movant does not request a hearing, and cannot rule on a motion to dismiss while the recusal motion is pending.
Elegele moved to recuse Judge Hauser in March 2002 but the record does not show an order on the recusal motion. This matter may have been resolved since Judge Roche — not Judge Hauser — ruled on Halbert’s motion to dismiss. However, Elegele also alleged he was seeking review of the discovery order during the time frame that formed the basis for the motion to dismiss.
Filing an appeal or petitioning for certiorari review is good cause to preclude dismissal of an action for failure to prosecute. See, e.g., Stephens v. Bay Medical Center, 742 So.2d 297 (Fla. 1st DCA 1998)(trial court abused its discretion in failing to find good cause for lack of record activity while appeal was pending in consolidated case). See also Murphy White Dairy, Inc. v. Simmons, 405 So.2d 298 (Fla. 4th DCA 1981)(plaintiffs act of appealing summary judgment entered against it was not merely passive act which had no tendency to move case to conclusion, and same was true though appeal did not succeed in accomplishing that end; such record activity was sufficient to preclude dismissal for lack of prosecution); Ortiz v. Biscayne Medical Center, Inc., 385 So.2d 1146 (Fla. 3d DCA 1980)(filing in trial court of the appellate court order denying plaintiffs petition for common law certiorari is record activity precluding dismissal).
Elegele apparently did not file any documents from this court in the trial court after July 24, 2002. Nevertheless, our ree- *1275 ords show Elegele’s request for review of the discovery order was denied in August 2002. Halbert moved to dismiss for failure to prosecute in July 2003, less than a year later. Halbert’s motion was premature and should have been denied.
REVERSED.
PALMER and TORPY, JJ., concur.

. Elegele v. Halbert, et al., Case No. 5D02-667.

. A dismissal for lack of prosecution is a final order for purposes of appeal. Smith v. St. Vil, 714 So.2d 603 (Fla. 4th DCA 1998); Murphy White Dairy, Inc. v. Simmons, 405 So.2d 298 (Fla. 4th DCA 1981). Our standard of review is abuse of discretion. Sewell Masonry Co. v. DCC Const., Inc., 862 So.2d 893 (Fla. 5th DCA 2003), rev. dismissed, 870 So.2d 823 (Fla.2004).

. "Record activity" is an affirmative act reflected in the court file that was designed to move the case forward toward a conclusion on the merits or to hasten the suit to judgment. Sewell.

. Halbert is correct that the record on appeal generally excludes notices of hearings. Fla. R.App. P. 9.200(1). However, if a notice of hearing is germane to an issue on appeal, the record should be supplemented with that notice.