929 So.2d 616 (2006)
Larry LEATHERWOOD, Appellant,
v.
CARDSERVICE INTERNATIONAL, INC., Appellee.
No. 4D05-2136.
District Court of Appeal of Florida, Fourth District.
May 10, 2006.
Larry Leatherwood, Pompano Beach, pro se.
Eric G. Belsky of Johnson, Leiter & Belsky, Fort Lauderdale, for appellee.
PER CURIAM.
In Leatherwood v. Cardservice International, Inc., 885 So.2d 997 (Fla. 4th DCA 2004), this court reversed and remanded the decision of the trial court to dismiss appellant, Larry Leatherwood's, complaint for improper venue. Issues of fact were raised which required an evidentiary hearing.
On remand, a hearing was held by the trial court on appellee, Cardservice International, Inc.'s, motion to dismiss for improper venue. Upon the evidence presented, the trial court properly found *617 that appellant entered into a Merchant Agreement with appellee on the Internet. Appellant entered into the contract by clicking on "I accept" and guarantying payment personally. Such "click agreements" have been found to be valid and enforceable. See Siedle v. Nat'l Ass'n of Sec. Dealers, 248 F.Supp.2d 1140, 1143 (M.D.Fla.2002). Pursuant to the venue provision of the Merchant Agreement, venue for any action thereon is in California. The trial court properly dismissed the complaint.
Appellant also argues and appellee concedes that the trial court erred in dismissing appellant's complaint with prejudice. Dismissals for improper venue are without prejudice. Smith v. St. Vil, 714 So.2d 603, 605 (Fla. 4th DCA 1998). We reverse and remand for the entry of a dismissal without prejudice.
Reversed and Remanded.
WARNER, GROSS and HAZOURI, JJ., concur.