# Third District Court of Appeal

## State of Florida

Opinion filed March 25, 2015.

_____

No. 3D14-2825
Lower Tribunal No. 10-43274
_____

**Aqua Life Corp.,**
Petitioner,

vs.

**Humberto Reyes,**
Respondent.


A Case of Original Jurisdiction – Prohibition.

Peter T. Mavrick and Victor M. Velarde (Fort Lauderdale), for petitioner.

Sina Negahbani, for respondent.


Before ROTHENBERG, EMAS and WELLS, JJ.

EMAS, J.

## ON MOTION FOR REHEARING

Upon Respondent's motion for rehearing, we withdraw our previously-issued opinion and substitute the following opinion in its stead.

Petitioner, Aqua Life Corp. ("Petitioner"), petitions this court for issuance of a writ of prohibition to prohibit the trial court from continuing to exercise jurisdiction over the cause below, which was dismissed by order of the trial court pursuant to a motion to dismiss for lack of prosecution. The record reflects that the February 1, 2013 order of dismissal was never appealed.[1]

More than eighteen months later, on October 10, 2014, the plaintiff below, Humberto Reyes ("Respondent") filed a motion for status conference. There appears to be some dispute over whether Petitioner was served with this motion or the notice of hearing. However, it is undisputed that Petitioner did not appear at the hearing on the motion for status conference held October 27, 2014. It is also undisputed that, following the hearing, the trial court entered orders vacating the February 1, 2013 dismissal order; setting the case for trial; and referring the parties to mediation.[2]

---

[1] An order dismissing an action for lack of prosecution is final for purposes of appeal. Bay Park Towers Condo. Ass'n, Inc., v. Triple M. Roofing Corp., 55 So. 3d 591 (Fla. 3d DCA 2010); Hunnewell v. Palm Beach Cnty., 925 So. 2d 468 (Fla. 4th DCA 2006); Elegele v. Halbert, 890 So. 2d 1272 (Fla. 5th DCA 2005).

[2] No transcript of the October 27, 2014 hearing has been provided, and thus it is impossible for this court to determine whether and upon what grounds Respondent may have moved *ore tenus* to vacate the dismissal. No written motion to vacate the final judgment was ever filed or served.

Florida law is clear that once the time period for filing a written motion for rehearing under Florida Rule of Civil Procedure 1.530 has expired, the trial court is without jurisdiction to vacate a final judgment unless it is based upon "any of the narrow grounds for vacating a final judgment under Florida Rule of Civil Procedure 1.540." Herskowitz v. Herskowitz, 513 So. 2d 1318, 1319 (Fla. 3d DCA 1987). In the instant case, Respondent failed to file any motion seeking to vacate the judgment. Nor did he file any motion setting forth allegations that would entitle him to relief under rule 1.540(b). Further, the trial court's order vacating the February 1, 2013 dismissal order fails to contain any of the requisite findings to support the granting of such relief. Therefore, the trial court's order vacating the dismissal, as well as all orders entered subsequent thereto,[3] must be quashed as the trial court was without jurisdiction to enter those orders. See Pilz v. Pilz, 395 So. 2d 591 (Fla. 2d DCA 1981). See also Smith-Adam v. Komer, 673 So. 2d 991, 992 (Fla. 4th DCA 1996) (holding that "[o]nce a judgment becomes final, it can only be modified by a proper independent action or by an authorized motion under Florida Rule of Civil Procedure 1.540.").

---

[3] This Court ordered a stay of the proceedings below during the pendency of this petition. Nevertheless, following this Court's issuance of its earlier opinion, but while the matter remained pending on Respondent's motion for rehearing (and while the stay remained in effect), the trial court conducted additional proceedings below and entered orders, upon the apparent but incorrect belief that our mandate had already issued. This Court, by separate order, has quashed those trial court orders as well.

We therefore grant the petition; quash the orders vacating the dismissal, setting the case for trial and referring the case to mediation; lift the stay; and remand this cause for any further proceedings consistent herewith.