J-A06006-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PATRICIA SUKONIK | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HOLLY WALLACK | |
| Appellant | No. 1532 EDA 2019 |

Appeal from the Order Entered May 8, 2019
In the Court of Common Pleas of Montgomery County
Civil Division at No: 2016-05205

BEFORE:  STABILE, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 08, 2020**

Appellant, Patricia Sukonik, appeals from an order granting judgment on the pleadings to her sister, Appellee Holly Wallack.  We affirm.  A Florida court previously dismissed a similar action by Appellant against Appellee, and the Florida order is entitled to full faith and credit in Pennsylvania.

Appellant resides in Pennsylvania, while Appellee has resided in Florida since 1983.  Appellant and Appellee are the daughters of Fay Sukonik ("Mother"), who died testate in 2007 with a will appointing Appellee as her personal representative.  Mother was a Florida resident at the time of her death, and all of her real and personal property was located in Florida.

In 2009, years before the present action, Appellant and Appellee filed competing petitions for administration of Mother's estate in Florida probate

_____

[*] Former Justice specially assigned to the Superior Court.

court. In 2010, following a hearing, the Florida probate court appointed Appellee as personal representative of the estate.

In 2012, Appellant filed a "Petition to Determine Assets of Estate," the probate equivalent of a civil complaint, in Florida. Appellant alleged that (1) in 2004, Appellee forged a power of attorney in Florida in order to take control of Mother's assets; (2) Appellee kept Mother isolated from 2000 to 2007 in Florida in order to exercise undue influence over Mother and abuse Mother for her own financial gain; and (3) Appellee stole Mother's real estate and, on multiple occasions, stole Mother's personal assets.

On August 8, 2014, after two years of litigation, Appellee filed an emergency motion to dismiss or strike Appellant's pleadings in the Florida action. Appellee asserted that Appellant had repeatedly failed to participate in discovery, failed to comply with multiple court-ordered pre-trial exchange requirements, failed to appear at a court-ordered deposition, failed to appear at a court-ordered mediation, and failed to comply with a court order limiting her time to retain counsel following the withdrawal of her counsel and her request for a continuance to retain new counsel. On August 25, 2014, the Florida probate court issued an order dismissing Appellant's petition due to Appellant's noncompliance with multiple court orders.

The Florida order specified that Appellant violated Florida Rule of Civil Procedure 1.420. Rule 1.420(b) provides, "Any party may move for dismissal of an action or of any claim against that party for failure of an adverse party to comply with these rules or any order of court." The same rule provides,

"Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication on the merits." *Id.*

Appellant appealed to the District Court of Appeal of Florida, Third District, which affirmed the order of dismissal. *Sukonic v. Wallack*, 178 So.3d 455, 457 (Fl. 3d Dist. App. 2015) (Appellant's non-compliance with court's orders was "willful and contumacious disregard of [court's] authority").

On March 28, 2016, Appellant commenced the present action via writ of summons against Appellee in the Court of Common Pleas of Montgomery County. On January 24, 2017, Appellant filed a complaint alleging the following intentional torts similar in nature to her assertions in the Florida case. Specifically, Appellant claimed: (1) in 2004, Appellee forged a power of attorney in Florida in order to take control of Mother's assets; (2) Appellee kept Mother isolated from 2000 to 2007 in Florida in order to exercise undue influence over Mother and abuse Mother for her own financial gain; (3) before and during the Florida litigation, Appellee tortiously interfered with Appellant's right to inherit assets from her mother's estate; and (4) Appellant is entitled to an accounting of all assets that Appellee misappropriated and payment of all monies to which Appellant would have received from Mother's estate but for Appellee's fraud and illegal conduct, plus punitive damages.

Appellee filed preliminary objections seeking dismissal of the complaint for lack of personal jurisdiction. On August 10, 2017, the Honorable Emanuel

Bertin overruled Appellee's preliminary objections without prejudice. On August 24, 2017, Appellee filed a motion for reconsideration, which the court denied. On October 5, 2017, Appellee filed a petition in this Court seeking review of the order denying Appellee's motion for reconsideration. On December 15, 2017, this Court denied Appellee's petition for review at 115 EDM 2017.

Appellee filed an answer to the complaint with new matter. On January 9, 2018, Appellee filed a motion seeking judgment on the pleadings based on lack of personal jurisdiction, incorporating by reference her preliminary objections to jurisdiction and motion for reconsideration. Motion For Judgment On The Pleadings, 1/9/18, at ¶¶ 89-90. Appellee also requested judgment based on full faith and credit principles, res judicata and the statute of limitations.

On May 9, 2019, the Honorable Steven Tolliver, the second judge in this case, granted Appellee judgment on the pleadings based on lack of personal jurisdiction. Judge Tolliver determined that there were "no facts which suggest that [Appellee] has done anything to expressly aim [her] tortious conduct at the forum state such that the forum can be said to be the focal point of the tortious activity." Trial Ct. Memorandum, 5/8/19, at 7-8 (quotation marks and citations omitted). Appellant timely appealed to this Court, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues in this appeal:

1. Did the trial court err as a matter of law and commit an abuse of discretion in granting judgment on the pleadings to Appellee and violate the Coordinate Jurisdiction Rule when it ruled not to be bound by prior Orders and thus:

> a. Alter and change two separate orders which held that the exercise of personal jurisdiction is properly established when the orders were previously entered in the Montgomery County Court of Common Pleas, each by a judge of coordinate jurisdiction sitting in the same case over the same issue; and

> b. Ignore the direct effect of the order from the Superior Court of Pennsylvania which denied Appellee's Petition for Review of the Montgomery County Court of Common Pleas order which requested the Court amend its order denying Appellee's Preliminary Objections and dismiss Appellant's Complaint or in the alternative amend the order, to state that a substantial issue of jurisdiction exists?

2. Did the trial court err as a matter of law and commit an abuse of discretion in granting judgment on the pleadings and not applying the fundamental established rule that judgment on the pleadings can never be entered when there are unknown or disputed issues of fact, and as such Appellant's averments must be deemed truthful and Appellee's allegations be denied when the evidence (presented in pleadings and exhibits to pleadings in the record) establish:

> a. Appellant's facts are true and correct including when Appellee denies what [Appellant] has averred; and

> b. The trial court failed to first require the exercise of discovery by the parties in order that the factual disputes can be resolved?

3. Did the trial court err as a matter of law and commit an abuse of discretion in granting judgment on the pleadings to Appellee based on the conclusion that the court did not exercise personal jurisdiction over Appellee due to lack of personal contacts, where evidence (presented in pleadings and exhibits to pleadings in the record) establish:

a. Appellant's pleadings present a plethora of established personal contacts, between Appellee and Appellant and the Commonwealth of Pennsylvania;

b. The standards set forth in established case law, support a holding that the Court of Common Pleas of Montgomery County Pennsylvania has proper exercise of personal jurisdiction over the person of Appellee;

c. Application of the tests, in the case at bar, as set forth by the United States Supreme Court for establishing viable personal contacts hold that exercise of personal jurisdiction over the person of Appellee is proper; and

d. Minimum contacts as evidenced (presented in pleadings and exhibits to pleadings in the record) satisfy the requirement of due process of law in accordance with the Fourteenth (14th) Amendment of the United States Constitution for establishing personal jurisdiction over the person of Appellee?

4. Did the trial court err as a matter of law and abuse its discretion in granting judgment on the pleadings in: violating application of the Long Arm Statute of Pennsylvania (42 Pa.C.S.A. § 5322) and the protection it grants its citizens who are harmed by the conduct and behavior of a tortfeasor from a foreign state when evidence establishes:

a. Appellee[,] a resident of Florida while in Florida, had contacts with Appellant a resident of Pennsylvania in Pennsylvania and with the Commonwealth of Pennsylvania, sufficient to establish that the contacts were systematic and continuous; and

b. Appellee, the tortfeasor, in Florida caused harm or tortious injury to Appellant[,] a citizen of Pennsylvania in Pennsylvania and the Commonwealth of Pennsylvania[,] by intentional acts or act omissions outside the Commonwealth of Pennsylvania; and

c. Jurisdiction over the person of Appellee does not offend "traditional notions of fair play and substantial justice" under the due process clause of the Fourteenth Amendment of the United States Constitution; and

d. Even a single act may be enough to satisfy the law that personal jurisdiction exists?

5. Did the trial court err as a matter of law and abuse its discretion in granting judgment on the pleadings when it disregarded evidence (presented in pleadings and exhibits to pleadings in the record) of personal contacts wherein Appellee's behavior violated law, abused fiduciary responsibility, and demonstrated reprehensible ethics, when evidence (presented in pleadings and exhibits to pleadings in the record) establishes she: committed forgery; falsified the creation of a power of attorney; violated the terms of an irrevocable trust; engaged in elder abuse; violated her oath of office as personal representative of [Mother's] estate; and stole 100% of Mother's assets and took 100% of Mother's estate, including Appellant's devised share, although she was duly named by [Mother's] Will as only a fifty (50%) percent beneficiary?

6. Did the trial court err and commit an abuse of discretion in granting judgment on the pleadings when considering Appellee's assertions that the Appellant's claims are barred by the Full Faith and Credit Clause of the United States Constitution from challenging the results of the Florida probate actions in the courts of Pennsylvania asserting that all claims are barred by the doctrine of res judicata; and further considering Appellee's assertions that Appellant's claims are time-barred and lack subject matter jurisdiction?

Appellant's Brief at 3-7.

In essence, Appellant contends in her appellate brief that (1) Judge Tolliver erred by granting judgment on the pleadings due to lack of personal jurisdiction because Judge Bertin previously overruled Appellee's preliminary objections to jurisdiction, and (2) Appellee's contacts with Pennsylvania are strong enough for Pennsylvania courts to exercise specific jurisdiction over Appellee. Appellee responds that although Judge Bertin overruled her preliminary objections, Judge Tolliver had the authority to grant judgment on

the pleadings based on the principle that the judge in a later stage of a case may depart from a ruling made on the same issue in an earlier stage of the case. Appellee further argues that Pennsylvania courts have no basis for exercising personal jurisdiction over her. Lastly, Appellee raises full faith and credit, res judicata and the statute of limitations as alternative grounds for affirming Judge Tolliver's order.

Having carefully reviewed the record, we find the Full Faith and Credit Clause provides a sufficient ground for affirming Judge Tolliver's order and therefore, we need not address the personal jurisdiction issue. We agree with Appellee's argument, which she raised in the trial court and again in this Court, that the Florida court's order of dismissal precludes Appellant's Pennsylvania action under full faith and credit principles. We have the authority to affirm on this ground under the precept that an appellate court may affirm a dispositive order for any other reason supported by the record, the so-called "right for any reason" doctrine. *In Re A.J.R.-H.*, 188 A.3d 1157, 1175-76 (Pa. 2018).

Article IV, Section 1 of the Constitution states: "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." "Regarding judgments . . . the full faith and credit obligation is exacting." *Baker by Thomas v. General Motors Corp.,* 522 U.S. 222, 233 (1998). "A final judgment in one State, if rendered by a court with adjudicatory authority over the subject matter and persons

governed by the judgment, qualifies for recognition throughout the land." ***Id.*** "For claim and issue preclusion (res judicata) purposes, in other words, the judgment of the rendering State gains nationwide force." ***Id.*** Similarly, the Pennsylvania Supreme Court has recognized:

> The Full Faith and Credit Clause thus precludes a party from attacking collaterally a judgment of one state by attempting to relitigate the underlying dispute resolved by that judgment in another state. Thus, full faith and credit typically requires that a state give a judgment the same *res judicata* effect the judgment would have been afforded in the state in which it was rendered.

***Wilkes ex rel. Mason v. Phoenix Home Life Mut. Ins. Co.***, 902 A.2d 366, 376 (Pa. 2006).

Appellant's action in Florida was dismissed under Florida Rule of Civil Procedure 1.420(b), which provides that unless the basis for dismissal is lack of jurisdiction, improper venue, or lack of an indispensable party, dismissal operates as an adjudication "on the merits." ***Id.*** The order of dismissal in the Florida case stated that the reason for dismissal was Appellant's failure to comply with multiple court orders. The order did not state that lack of jurisdiction, improper venue or lack of an indispensable party was the basis for dismissal. Thus, under Florida law, the dismissal of Appellant's Florida action operates as an adjudication on the merits.

Dismissal "on the merits" under Rule 1.420(b) effectively constitutes "dismiss[al] with prejudice." ***Schindler v. Bank of New York Mellon Trust Co.***, 190 So.3d 102, 104 (Fla. 4th DCA 2015) (citing ***Smith v. St. Vil***, 714 So.2d 603, 604 (Fla. 4th DCA 1998)). Thus, Florida courts conclude, res

judicata bars the losing party from filing another action based on the same conduct alleged in the first action. *Id.* at 105 (citing **Singleton v. Greymar Assocs.**, 840 So.2d 356, 356 (Fla. 4th DCA 2003), *aff'd*, 882 So.2d 1004 (Fla. 2004)). Appellant's claims in her Pennsylvania action rest upon the same allegations that she made in her Florida action. Florida courts would treat the dismissal of Appellant's Florida action as barring Appellant's present action under res judicata principles. *Id.* Under full faith and credit principles, we must give the same res judicata effect to the Florida order in Pennsylvania that Florida courts would have given it. **Wilkes**, 902 A.2d at 376.

For this reason, we affirm the order granting judgment on the pleadings to Appellee in Appellant's Pennsylvania action.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/8/20</u>

- 10 -