# Third District Court of Appeal
## State of Florida

Opinion filed September 4, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2134
Lower Tribunal No. 2019-37303-CA-01
_____

**Total Quality Logistics, LLC,**
Appellant,

vs.

**Trade Link Capital, Inc., and Taste Trackers, Inc.,**
Appellees.

An Appeal from non-final orders from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Baker Donelson Bearman Caldwell & Berkowitz, PC, Eve A. Cann (Fort Lauderdale), and Marisa R. Dorough (Orlando), for appellant.

Spector Rubin, P.A., and Marc A. Rubin, for appellees.

Before LINDSEY, GORDO and BOKOR, JJ.

GORDO, J.

Total Quality Logistics, LLC ("Total Quality") appeals a non-final order denying its motion to dismiss the verified second amended complaint filed by Trade Link Capital, Inc. and Taste Trackers, Inc. (the "Shippers"). We have jurisdiction. Fla. R. App. P. 9.130(a)(3)(A). For the reasons set forth below, we affirm.

**I.**

Total Quality entered into written agreements with the Shippers to arrange transportation of cargo as a "freight broker." Each agreement included a forum selection clause, providing that a dispute arising in connection with any transaction between the parties be exclusively resolved in Ohio state court.[1] The Shippers later filed a complaint against Total Quality in Florida state court, alleging lost cargo. Total Quality filed a motion to dismiss based on improper venue, which the trial court denied. In a prior appeal to this Court,[2] Total Quality challenged the trial court's order denying its motion to dismiss for improper venue. We reversed and remanded "with

---

[1] The forum selection clause provides "[t]he state courts located in Clermont County, Ohio shall have exclusive and irrevocable jurisdiction and shall be the exclusive venue with respect to any claim, counterclaim, or dispute arising in connection with any transactions, loads, or other business between Total Quality Logistics and [the Shippers]."

[2] Total Quality Logistics, LLC v. Trade Link Capital, Inc., 358 So. 3d 458 (Fla. 3d DCA 2023).

directions to dismiss the amended complaint against [Total Quality] and for further proceedings consistent with [our] opinion."  In doing so, we upheld the forum selection clause as valid on its face, as the Shippers failed to demonstrate that the forum selection clause was unjust, unreasonable or that the action should be allowed under the Carmack Amendment.

The Shippers then filed a verified second amended complaint with additional material facts not presented in the prior appeal: (1) Total Quality operates as a "carrier" registered under motor carrier number MC00322572 with the Federal Motor Carrier Safety Administration; (2) Total Quality agreed to assume full responsibility for safely transporting the Shippers' cargo; (3) Total Quality does not disclose the identity of any party it utilizes to provide transportation for the Shippers' cargo; (4) the Shippers tendered their cargo to Total Quality in Miami, Florida; and (5) the cargo was stolen while under the care, custody and control of Total Quality in Miami, Florida.  Total Quality moved to dismiss and the trial court denied the motion.  This appeal followed.

## II.

"The standard of review of a trial court's denial of a motion to dismiss is de novo."  Simpson v. State, 33 So. 3d 776, 778 (Fla. 4th DCA 2010).

On appeal, Total Quality argues our previous opinion bars the second amended complaint.  We disagree.  Our prior opinion did not order the case

3

dismissed with prejudice or preclude further amendments. It is well-settled that dismissals for improper venue are without prejudice. See Leatherwood v. Cardservice Int'l, Inc., 929 So. 2d 616, 617 (Fla. 4th DCA 2006) ("Dismissals for improper venue are without prejudice."); Smith v. St. Vil, 714 So. 2d 603, 605 (Fla. 4th DCA 1998) ("To summarize, dismissals for . . . improper venue . . . are not on the merits and should not contain the words 'with prejudice.'"). Allowing further amendments is within the sound discretion of the trial court and we find no abuse of discretion in allowing the amendment here. See Impulsora de Productos Sustentables, S.A.P.I. de C.V. v. Garcia, 347 So. 3d 470, 471 (Fla. 3d DCA 2022) ("Florida Rule of Civil Procedure 1.190(a), provides leave to amend 'shall be given freely when justice so requires.' Refusal to allow an amendment is an abuse of the trial court's discretion unless it clearly appears that allowing the amendment would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile.") (citations and quotations omitted); Hemingway v. Bresney, 733 So. 2d 1135, 1136 (Fla. 4th DCA 1999) ("[Plaintiff] merely attempted to amend her initial complaint. There was no evidence indicating anyone would have been prejudiced by an amendment to the complaint, and the amendment would not have been futile because

4

with proper factual allegations, it would have permitted [Plaintiff] to maintain her causes of action in the venue she selected.").

### III.

Total Quality further argues our previous opinion, upholding the forum selection clause as valid on its face, is law of the case and the Shippers have failed to demonstrate any exception to its enforcement or the applicability of the Carmack Amendment.

The Revised Interstate Commerce Act,[3] known as the Carmack Amendment, is a federal statutory scheme that governs interstate cargo claims and provides special venue provisions allowing shippers to sue a "carrier" for cargo loss or damage in the judicial district where the loss or damage is alleged to have occurred.[4] See Mlinar v. United Parcel Serv., Inc., 186 So. 3d 997, 1000 (Fla. 2016) ("The Carmack Amendment . . . permits a civil action to be brought against a 'carrier alleged to have caused the loss or damage, in the judicial district in which such loss or damage is alleged to have occurred.'" (quoting 49 U.S.C. § 14706(d)(2))). The Carmack Amendment, which governs cargo disputes between shippers and carriers,

---

[3] 49 U.S.C. § 14706.

[4] "The Carmack Amendment governs carriers, not brokers." Hewlett-Packard Co. v. Brother's Trucking Enters., Inc., 373 F. Supp. 2d 1349, 1351 (S.D. Fla. 2005) (footnote omitted).

is designed to give shippers the right to sue carriers in a forum convenient to *shippers* and to ensure that carriers cannot limit where shippers can file their lawsuits.  See Aaacon Auto Transp., Inc. v. State Farm Mut. Auto. Ins. Co., 537 F.2d 648, 654-55 (2d Cir. 1976) ("In our view, in light of the legislative history of the Carmack Amendment . . . the right of the shipper to sue the carrier in a convenient forum of the shipper's choice is a right that Congress intended to codify . . . the prohibitions added in the [Carmack Amendment] against contracts, regulations and other devices by which carriers seek to limit their 'liability' must be construed to apply not merely to their liability for monetary damages but to the carrier's liability to suit in the forum of the shipper's choice.").

We start with the basic premise that presumptively valid forum selection clauses should generally be enforced.  We recognize, however, that where the special venue provisions of the Carmack Amendment apply, federal courts have found that such provisions preclude the enforcement of a forum selection clause.[5]  See Scotlynn USA Div., Inc. v. Singh, No. 2:15-cv-381, 2016 WL 8679295, at *1 (M.D. Fla. Sept. 9, 2016) ("Starting with the

---

[5]  In analyzing whether the Carmack Amendment is applicable here, we rely on federal courts for guidance.  See O'Malley v. St. Thomas Univ., Inc., 599 So. 2d 999, 1000 (Fla. 3d DCA 1992) ("Florida courts have looked to the federal courts for guidance in interpreting and applying [federal law]. Therefore, federal decisions should be accorded great weight.").

assumption that the forum selection clause should be enforced, the Court finds that the . . . Carmack Amendment has its own venue provisions that may override any agreement to the contrary."); Dabecca Nat. Foods, Inc. v. RD Trucking, LLC, No. 14 C 6100, 2015 WL 2444505, at *6 (N.D. Ill. May 20, 2015) ("[Federal courts] have held that § 14706(d) is a special venue provision that precludes enforcement of a forum selection clause."); Stewart v. Am. Van Lines, No. 4:12CV394, 2014 WL 243509, at *4 (E.D. Tex. Jan. 21, 2014) ("[T]he Carmack Amendment essentially prohibits enforcement of forum-selection clauses and provides that suit may be brought against a carrier in a forum convenient to the shipper.").

We find Total Quality's argument that law of the case applies unpersuasive as the Shippers have presented sufficient additional material facts in the verified second amended complaint to assert jurisdiction under the Carmack Amendment.[6] See Thornton v. State, 963 So. 2d 804, 809 (Fla.

---

[6] Once the Shippers established a basis for venue, Total Quality did not meet its burden to plead and prove it was improper, as it only filed an unsworn motion to dismiss with its manager's affidavit that did not rebut the Shippers' factual assertions. See Chrysler Credit Corp. v. Laliberty, 506 So. 2d 67, 68 (Fla. 1st DCA 1987) ("Once the plaintiff has selected venue, the burden falls on the party challenging venue to demonstrate by affidavit or sworn pleading that it is improper. Having failed to file an affidavit [challenging venue] or sworn pleading, or to present any evidence to establish that the cause of action did not arise in [the subject judicial district], the defendant in this case has failed to sustain its burden of challenging the plaintiff's venue.").

3d DCA 2007) ("[A] trial court is not bound to follow the prior ruling if the facts upon which the prior ruling was made are no longer the facts of the case . . . ."); Engle v. Liggett Grp., Inc., 945 So. 2d 1246, 1266 (Fla. 2006) ("The law of the case [only] applies in subsequent proceedings as long as there has been no change in the facts on which the mandate was based.").  Because the second amended complaint alleged the cargo was tendered to Total Quality in Miami after it assumed full responsibility for transportation and was stolen under Total Quality's care in Miami, we find no error in the trial court's order allowing the action to proceed in Miami, the judicial district where the loss is alleged to have occurred.[7]  See Covenant Imaging, LLC v. Viking Rigging & Logistics, Inc., No. 3:20-CV-00593, 2021 WL 973385, at *3 (D. Conn. Mar. 16, 2021) ("Indeed, 'if a party accepted responsibility for ensuring delivery of the goods, *regardless of who actually transported them*, then the party qualifies as a carrier.'" (quoting CGU Int'l Ins., PLC v. Keystone Lines

---

[7]  Importantly, federal courts have consistently held that distinguishing between a "carrier" and a "broker" is often blurry and fact-intensive, making it unsuitable for summary judgment, much less a motion to dismiss.  See Nat'l Union Fire Ins. Co. of Pittsburgh v. All Am. Freight, Inc., No. 14-CIV-62262, 2016 WL 633710, at *7 (S.D. Fla. Feb. 17, 2016) ("'Whether a company is a broker or a carrier is not determined by what the company labels itself, but by how it represents itself to the world and its relationship to the shipper.'  'Because the difference between a carrier and a broker is often blurry, the carrier/broker inquiry is inherently fact-intensive and not well-suited to summary judgment.'") (citations omitted).

Corp., No. C-02-3751 SC, 2004 WL 1047982, at *2 (N.D. Cal. May 5, 2004)));

Fed. Ins. Co. v. SF Express Corp., No. 21-CV-5539, 2021 WL 4555040, at

*2 (S.D.N.Y. Oct. 4, 2021) ("[Total Quality's conduct] supports a reasonable

inference that [Total Quality] assumed legal responsibility for the delivery and

was thus a carrier for purposes of Carmack liability.  This is sufficient to

survive a motion to dismiss.") (footnote omitted); Dabecca Nat. Foods, Inc.,

2015 WL 2444505, at *5-6 ("With respect to venue, a civil action containing

a Carmack Amendment claim may be brought . . . against a carrier

responsible for loss 'in the judicial district in which such loss or damage is

alleged to have occurred' . . . Because the Carmack Amendment contains a

special venue provision, [Total Quality's] extensive discussion . . . is

unhelpful . . . For these reasons, the court finds that the Carmack

Amendment's special venue provision, 49 U.S.C. § 14706(d), means that the

forum selection clause is not enforceable.").

Affirmed.